■ CLARA GRAFFEO, Respondent, v. ANTHONY GRAFFEO, Appellant.— The appeal by notice dated March 6, 1958 is (1) from an order entered February 11, 1958 which denied a motion to modify a judgment of separation so as to reduce from $50 to $25 the weekly payments for the support of respondent and the issue of the marriage and increasing said amount to $75 on respondent's motion,

742

and (2) from so much of an order entered March 5, 1958 as on reargument adhered to the original decision. Appeal from order entered February 11, 1958 dismissed, without costs. The husband having appealed from the order entered March 5, 1958 could not appeal from the order entered February 11, 1958. (Cf. Civ. Prac. Act, § 562-a; *Matter of Sunnydale Farms* v. *Premium Dairy Co.,* 7 A D 2d 737; *Parness* v. *Halpern,* 257 App. Div. 678.) Order entered March 5, 1958 modified on the facts (1) by striking from the second ordering paragraph everything following the word "reargument" and by substituting therefor the words "the defendant's motion is denied and the plaintiff's motion is granted to the extent hereinafter indicated, and it is further" and (2) by striking from said order everything following the word "amended" in the third ordering paragraph and by substituting therefor the words "to provide that the said sum is for the support and maintenance of the plaintiff and the daughter of the parties." As so modified, order insofar as appealed from affirmed, without costs. The payments as changed are to begin with the entry of the order hereon. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The judgment of separation provided that appellant pay the carrying and maintenance charges on a house owned by the parties as tenants by the entirety and occupied by respondent and the two children and also pay the extraordinary medical and dental bills of respondent and the children. No request was made that those provisions be modified. The judgment also provided that appellant pay $50 a week to respondent for her support and maintenance and for the support and maintenance of the issue of the marriage. By the orders the judgment was amended to substitute $75 a week for $50 a week for the support and maintenance of respondent and the issue of the marriage, to begin as of February 3, 1958, the return date of the motions to modify. Since the elder child, a son, was over 19 years of age and was employed and self-supporting, the provision for his support should have been deleted (*Dearborn* v. *Dearborn,* 278 App. Div. 943; *Soscia* v. *Soscia,* 278 App. Div. 968; *Probst* v. *Probst,* 259 App. Div. 1090). But the fact that one child became self-supporting was offset by a change in circumstances due to the increased cost of maintaining the other child (*Welton* v. *Welton,* 260 App. Div. 876; *Malamat* v. *Malamat,* 264 App. Div. 795; *Sloan* v. *Sloan,* 286 App. Div. 1102). In view of the added expense for the daughter, the provision of the original judgment for support and maintenance of respondent and the two children should be continued as to amount for the support and maintenance of respondent and the daughter (*Malamat* v. *Malamat, supra*). Under the circumstances here present, the modified payments in our opinion should take effect as of the date of the entry of the order hereon (*Philips* v. *Philips,* 281 App. Div. 1041; cf. *Harris* v. *Harris,* 259 N. Y. 334; *Weitz* v. *Weitz,* 1 A D 2d 1025; see e.g., *Rosenfield* v. *Rosenfield,* 285 App. Div. 817). Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.