■ In the Matter of DOLORES DE CESARE, Respondent-Appellant, v FRANK DE CESARE, Appellant-Respondent. — Cross appeals from an order of the Family Court, Westchester County (Coppola, J.), entered April 21, 1980, which, after a hearing, *inter alia,* denied the father's application for a change of custody. By order dated July 20, 1981, this court remitted the case to the Family Court, Westchester County, to hear and report on circumstances occurring subsequent to the conclusion of the prior hearing which relate to the change of custody application and directed that the appeal be held in abeyance in the interim (*Matter of De Cesare v De Cesare,* 83 AD2d 614). The Family Court (Donovan, J.), has now complied. Appeal and cross appeal dismissed, without costs or disbursements. This matter does not survive the father's death, which occurred prior to the completion of the ordered hearing. Gulotta, J. P., Cohalan, O'Connor and Thompson, JJ., concur.

■ In the Matter of EILEEN S. EASON, Respondent, v RICHARD EASON, Appellant. — In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Orange County (Mazzeo, J.), dated March 4, 1981, which, *inter alia,* directed him to pay $250 a week for the support of his wife and daughter. Order reversed, without costs or disbursements, and proceeding remitted to the Family Court, Orange County, for a further hearing as to the financial status and needs of the parties and for the entry of an appropriate order. There is no competent proof in the record on this appeal as to the financial needs of the appellant's wife, daughter and son. The wife did not testify as to her needs or those of the children. The unsworn statement by the parties' attorneys in the course of colloquy between the court and counsel and the financial data sheets, which are neither signed nor sworn to be true, cannot serve as a basis for a Family Court order of support (see *Matter of Rensselaer County Dept. of Social Servs. v Cossart,* 38 AD2d 635; *Matter of Eagen v Bolden,* 51 AD2d 1017; *Matter of Smith v Smith,* 70 AD2d 938). At the new hearing, the Family Court should bear in mind the principle that a parent is not liable for the support of a child during the period the child is employed and self-supporting (see *Matter of Raphael v Raphael,* 28 AD2d 551; *Graffeo v Graffeo,* 7 AD2d 741; *Hotetz v Hotetz,* 60 Misc 2d 271). There was no competent evidence in the record upon which to determine if the parties' son is in fact emancipated. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.