0763

Elsie B. BONEY, Respondent v. Durham S. BONEY, Jr., Appellant.

(347 S. E. (2d) 890)

Court of Appeals

*William F. Able* of *Able & Associates*, Columbia, *for appellant.*

*Doris M. McAndrew* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford*, Columbia, *for respondent.*

Heard June 25, 1986.

Decided August 4, 1986.

MENDENHALL, Acting Judge:

Durham S. Boney, Jr., appeals from the order of the Family Court awarding respondent, his former wife, an increase in alimony and denying a reduction or termination of alimony. We reverse in part and affirm in part.

These parties were divorced in 1977 by decree which, *inter alia*, awarded the wife $600.00 a month in alimony. In addition, the husband was ordered to provide health and hospitalization insurance for her. Thereafter, the parties agreed to satisfy the insurance requirements by his paying $50.00 a month in addition to the alimony payment.

In August, 1984, the wife petitioned the Court for a contempt order and an increase in alimony based upon increased property taxes and insurance premiums. She alleged that she was incapable of greater employment than her current position, suffered from poor health, and generally without any further means of supporting herself. The husband counterclaimed, seeking a reduction or termination of alimony, based upon a substantial reduction in income owing to termination from his former employment, his remarriage, and the wife's ability to be employed full time. The lower Court awarded the wife an increase of $75.00 a month in alimony and refused to reduce or terminate the husband's alimony payment. From this order he appeals.

The husband contends that the lower Court erred in awarding the wife an additional $75.00 a month in alimony, based on a change of circumstances. An award of periodic alimony may be modified upon a showing of altered circumstances. Code of Laws of South Carolina (1976 § 20-3-170). *Darden v. Witham*, 258 S. C. 380, 188 S. E. (2d) 776 (1972). However, the burden is upon the party seeking modification to show by the preponderance of the evidence that a change has occurred.

In the case before us, the only change testified to by the wife was an increase in insurance premiums and property taxes. At the time of the divorce in 1977, the marital residence was titled in the wife's name. She assumed the monthly mortgage payments of $169.63 and annual taxes and insurance premiums of $557.43. At the time of the hearing in the lower Court, her annual payment for taxes and insurance was $1,132.12, an annual increase of $484.69, or $40.39 a month. On the other hand, her monthly income had increased from $48.00 a month to $440.00, an increase of $392.00. The Trial Judge who granted the 1977 divorce decree obviously considered her meager income in setting alimony of $600.00 a month. Moreover, it is interesting to note that the Trial Judge in the case before us found that the wife "assumed prospective obligations of taxes, insurance, and maintenance at that time" (the time of the 1977 divorce decree), a finding inconsistent with his granting an increase in alimony based upon increased taxes and insurance.

Since the wife has had an increase of $392.00 a month in income, compared with an increase of $40.39 in taxes and insurance, which latter increase is the basis for her seeking increased alimony, we hold that she has failed to show by a preponderance of the evidence a change sufficient to modify the previous award of alimony.

The husband also contends that the Trial Judge erred in failing to reduce or terminate his alimony obligations because of reduced income. The husband had a 32-year career in banking prior to his being terminated early in 1984, at which time he had attained the position of vice-president. Thereafter, he was employed as a mortgage loan officer with a company from which he was terminated in April, 1984. In July, 1984, he formed a partnership with an individual for the purpose of selling credit life insurance. According to his testimony, he had no interest in the business, made no financial investment, and earned a 60 percent commission on each new policy written. Between July and October 15, 1984, he earned a total of $500.39.

The record fails to give a complete picture of the husband's financial condition. There was testimony that he had a monthly installment payment of $377.47 and that he and his present wife are involved in litigation, a result of which

will require him to pay $150.00 a month in temporary child support for his adopted child by that marriage. He drives a 1981 Ford, which is titled in his wife's name, and has an old Chrysler, which is not operational. The record reveals no further evidence relating to income, assets, or expenses.

The Trial Judge found that the husband's gross income for 1981 was $48,563.00; for 1982, $103,642.65; and for 1983, $52,294.83. Although the husband testified that his termination as a loan officer has adversely affected his ability to earn income, the Trial Judge evidently did not find such testimony credible and found that his potential earning ability should be based upon his capacity for prospective earnings rather than upon his actual current earnings of only a few months. Because of husband's failure to include in the record a fuller account of his assets, income, or expenses for review by this Court, we defer to the Trial Judge, who saw the witnesses, heard the testimony, and had the benefit of personal observations and contact with the witnesses, and therefore affirm his decision in refusing to reduce alimony payments. *Sauls v. Sauls*, 287 S. C. 297, 337 S. E. (2d) 893 (Ct. App. 1985).

The appellant assigned other errors to the order of the lower Court; however, these assignments of error are manifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1985).

Reversed in part and affirmed in part.

GARDNER and GOOLSBY, JJ., concur.