1180

Ronald J. BRUNNER, Respondent v. Mary Angela BRUNNER, Appellant.

(370 S. E. (2d) 614)

Court of Appeals

*Wheeler M. Tillman* and *John W. Ailstock,* of *Tillman & McConnell,* North Charleston, *for appellant.*

*Felix B. Clayton,* North Charleston, *for respondent.*

Heard May 25, 1988.

Decided June 27, 1988.

GOOLSBY, Judge:

Mary Angela Brunner appeals the family court's failure to award her attorney fees for protecting in the bankruptcy court the attorney fees awarded her by the family court in its decree divorcing her from Ronald J. Brunner, its failure to award her expert witness fees, its award to her of only $750 in attorney fees in connection with Mr. Brunner's appeal of the divorce decree, its failure to award her attorney fees in the instant action, and its award of only $600 per month in alimony. She also questions the trial judge's jurisdiction to issue the order appealed from and his compliance with Rule 27(C) of the South Carolina Family Court Rules. We affirm.

The parties divorced in 1984. In its divorce decree, the family court ordered Mr. Brunner to pay $1,150 per month in unallocated support and awarded Mrs. Brunner $6,913.80 in attorney fees.

Mr. Brunner appealed the divorce decree, but his appeal was dismissed on a certificate of no return.

Mr. Brunner also filed a petition for bankruptcy, seeking to have the bankruptcy court discharge the attorney fees awarded by the family court to Mrs. Brunner. The bank-

ruptcy court declared these fees nondischargeable. Mr. Brunner thereafter paid them.

This action ensued.

1. We find no error in the family court's refusal to award Mrs. Brunner attorney fees for protecting in the bankruptcy court the award of attorney fees made by the family court in its divorce decree.

The right to recover attorney fees as part of costs from one's opponent owes its origin to statute, there being no such right at common law. *Collins v. Collins*, 239 S. C. 170, 122 S. E. (2d) 1 (1961). In South Carolina, a family court may award attorney fees in actions for divorce, separate support and maintenance, and other marital litigation between the parties [CODE OF LAWS OF SOUTH CAROLINA §§ 20-3-120 and 20-3-140 (1976)]; however, a family court is not authorized by any statute to award attorney fees for services rendered a spouse in other litigation arising out of marital troubles. *Collins v. Collins, supra.*

2. We likewise find no error in the family court's refusal to award Mrs. Brunner expert witness fees, assuming such fees constitute "suit money" within the meaning of Sections 20-3-120 and 20-3-140. *Cf. Stevenson v. Stevenson*, 368 S. E. (2d) 901 (S. Ct. 1988) (wherein the court upheld as reasonable an award of investigator fees).

Here, the witness for whom Mrs. Brunner seeks expert witness fees, a lawyer, offered testimony relating to the value of certain legal services rendered for Mrs. Brunner. In her brief, Mrs. Brunner relates her claim for expert witness fees to only her demand for attorney fees resulting from having to protect in the bankruptcy court the attorney fees awarded her by the family court.

The decision of whether to award expert witness fees, like the decision to award attorney fees, rests within the sound discretion of the family court. *See Id.*, (suit money awards rest within the discretion of the family court); *Reece v. Reece*, 266 S. C. 316, 223 S. E. (2d) 182 (1976) (the allowance of attorney fees is generally within the discretion of the trial judge); *Travieso v. Travieso*, 474 So. (2d) 1184 (Fla. 1985) (the trial court has discretion pursuant to statute to tax as costs expert witness fees for a lawyer who

testifies as an expert as to reasonable attorney fees).

No abuse of discretion is apparent here, especially since the family court found the witness unqualified to offer an expert opinion on bankruptcy litigation, a finding Mrs. Brunner does not challenge by proper exception, and since attorney fees incurred in protecting in the bankruptcy court an award of attorney fees made by the family court are unrecoverable as costs in the family court.

3. We also find no abuse of discretion in the family court's award to Mrs. Brunner of only $750 in attorney fees in connection with Mr. Brunner's appeal of the divorce decree. *See* S.C.S.CT.R. 38(4) (rule allowing an attorney fees award of $750 to the prevailing party on appeal).

This is not an instance in which a prevailing party seeks additional attorney fees in an appeal that has been fully prosecuted and defended. *See Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985) (wherein the Supreme Court awarded attorney fees in an amount beyond the amount authorized by Rule 38(4) for the successful "handling" of an appeal in a domestic case). Rather, this is a case in which the Supreme Court dismissed an appeal after issuance of a certificate of no return.

4. We are further satisfied that the family court committed no error in not awarding Mrs. Brunner attorney fees in the instant action.

The question of whether to award attorney fees is a matter committed to the sound discretion of the family court. *Edens v. Edens*, 273 S. C. 303, 255 S. E. (2d) 856 (1979); *O'Neill v. O'Neill*, 293 S. C. 112, 359 S. E. (2d) 68 (Ct. App. 1987).

No abuse of discretion is apparent here, particularly considering the family court's unchallenged finding that Mrs. Brunner "is able to pay her own attorney[] fees" and considering the beneficial results obtained by both parties. On balance, Mr. Brunner prevailed on most of the important issues. The family court awarded him custody of the parties' minor son and reduced his support obligation when Mrs. Brunner sought to have it increased. *See Ariail v. Ariail*, 369 S. E. (2d) 146 (S. C. Ct. App. 1988) (the family court commit-

ted no abuse of discretion in not awarding the wife attorney fees where she did not prevail on the issues of legal separation and the issues of child custody and support and the wife was not shown to be financially unable to pay expenses necessarily incurred in prosecuting the action).

5. We find no error in the family court's reduction, ■ because of changed circumstances, of the amount of support Mr. Brunner is to pay Mrs. Brunner each month.

The question of whether to increase or decrease support based on a finding of changed circumstances is a matter committed to the sound discretion of the family court. *See* CODE OF LAWS OF SOUTH CAROLINA § 20-3-170 (1976) (changed conditions may warrant a modification or termination of alimony); *Ex Parte Jeter*, 193 S. C. 278, 8 S. E. (2d) 490 (1940) (a decree of alimony is subject to change as circumstances may require); CODE OF LAWS OF SOUTH CAROLINA § 20-3-160 (1976) (family court from time to time may make such orders touching upon the maintenance of children as from the circumstances may be fit, equitable, and just); *Smith v. Smith*, 262 S. C. 291, 204 S. E. (2d) 53 (1974) (the trial court upon a showing of a change of conditions may increase, decrease, or terminate child support payments). Unless the appellant makes a clear showing of an abuse of discretion, the family court's determination of this issue will not be disturbed on appeal. *See Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541 (1975) (the amounts awarded for alimony and child support will not be disturbed on appeal unless an abuse of discretion is shown).

The divorce decree required Mr. Brunner to pay $1,150 per month as unallocated child support and alimony. The family court, after hearing the matter on July 18, 1986, reduced on November 14, 1986, the amount to $600 and allocated the sum to alimony. Mr. Brunner was to make the reduced payments "beginning September 1, 1986," thus allowing Mrs. Brunner to receive in August, 1986, the amount originally decreed.

Since entry of the divorce decree, Mr. Brunner remarried, the parties' daughter became emancipated, the parties' son left Mrs. Brunner and went to live with Mr. Brunner, and the family court awarded custody of the son to Mr. Brunner.

Mrs. Brunner for awhile had a live-in boyfriend who was unemployed and paid her no rent. She has no health problems, at 41 is still young, and, though unemployed, is fully capable of earning a livelihood.

Under the circumstances, the family court did not abuse its discretion in decreasing the amount of support Mr. Brunner must pay Mrs. Brunner each month.

6. We find no merit in Mrs. Brunner's contention that the hearing judge lacked jurisdiction on November 14, 1986, to issue his order because the Administrative Judge struck the case from the active roster the month before and there was no order restoring it to the active roster.

At best, Mrs. Brunner's argument in support of this contention is conclusory and we could properly disregard it for this reason alone. *Williams v. Leventis*, 290 S. C. 386, 350 S. E. (2d) 520 (Ct. App. 1986).

In any event, the Administrative Judge's order did not divest the hearing judge of jurisdiction to dispose of the case. The Administrative Judge was empowered to strike only those six-month old cases that had not been "continued, tried or otherwise disposed of. . . ." Administrative Order for the Family Courts (S. Ct., filed August 23, 1984). This case had been "tried" by the hearing judge on July 18, 1986, and therefore was beyond the reach of the Administrative Judge's order striking it. *See First Carolinas Joint Stock-Land Bank of Columbia v. Knotts*, 191 S. C. 384, 410, 1 S. E. (2d) 797, 808 (1939) ("[W]here a Judge has jurisdiction to hear a matter and the matter having been heard before him, he entertains jurisdiction until his decision is rendered.").

7. We regard as manifestly without merit and therefore do not address questions raised by Mrs. Brunner concerning the trial judge's compliance with Rule 27(C). A review of the record, which we deem sufficient for review purposes, and of Mrs. Brunner's brief convinces us that Mrs. Brunner suffered no prejudice as a result of these asserted failures and, in fact, may have benefitted by the trial judge's failure to issue its order within the required 30 days. S.C.FAM.CT.R. 27(C); *see Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974) (an error is not reversible unless prejudice to the complaining party resulted therefrom); *Atkinson v. Atkin-*

*son,* 279 S. C. 454, 309 S. E. (2d) 14 (Ct. App. 1983) (a case will be remanded to the family court where the family court fails to comply with Rule 27(C) and the record is insufficient to permit adequate appellate review).

Affirmed.

GARDNER and CURETON, JJ., concur.