## 1579

Gerald W. HARDWICK, Appellant v. Diana L. HARDWICK, Respondent.

(399 S.E. (2d) 791)

Court of Appeals

*John B. Thomas* and *Joseph W. Ginn, III,* of *Thomas & Ginn,* Charleston, *for appellant.*

*Paul N. Uricchio, Jr.,* of *Uricchio, Howe, Krell, Jacobson, Toporek & Theos,* Charleston, *for respondent.*

*Jania Sommers,* Charleston, *guardian ad litem.*

Heard Nov. 12, 1990.

Decided Dec. 10, 1990.

CURETON, Judge:

In this domestic action the husband appeals the trial court's order concerning custody, exclusive possession of the marital home, equitable distribution, attorney fees, and court costs. We affirm in part, reverse in part, and remand.

The parties were married in 1971 and divorced in January 1988. They have three children, two daughters and a son. The oldest daughter is now 18 years of age. The wife was awarded custody of the unemancipated daughter and the father received custody of the son. The husband stipulated during oral argument that the issues concerning custody of the children and possession of the marital home have been abandoned by him and are not before us on appeal.

## EQUITABLE DISTRIBUTION

The court awarded the husband sixty-five percent of the marital property and the wife thirty-five percent.

The husband challenges this award claiming the court did not properly consider the fault of the wife in the breakup of the marriage nor his contributions to the accumulation of the marital estate. We disagree. The trial court's order makes clear factual findings that the wife's adulterous relationship and failure to support the husband in his career development

adversely affected the economic status of the parties. Additionally, the court found the husband's direct contributions to the marital estate far exceeded those of the wife.

*S.C. Code Ann.* Section 20-7-472 (Supp. 1989) requires the family court to consider fifteen (15) specific factors in making an apportionment of a marital estate. The husband would have us focus primarily on the fault of the wife and the direct contributions of the parties. While much weight must be given to these factors in the instant case, the other factors must also be given due consideration. In addition to the two factors just mentioned the trial court considered the length of the marriage; the fact the husband's future income will far exceed the wife's; the wife's uncertain health future; the wife's need for additional education and training; and the husband's greater potential for amassing assets in the future.

The husband also argues that in addition to failing to give him proper credit for his direct contributions to the marriage partnership, the trial court failed to consider the quality of the wife's indirect contributions. In fact, the husband argues that during the last years of the marriage the wife not only ignored her duties as wife and mother but her conduct became burdensome and destructive to the economic and emotional health of the marriage. The Equitable Apportionment of Marital Property Act provides the "court shall consider the quality of the contribution as well as its factual existence." Section 20-7-472(3). Here, there is evidence, particularly during the last year of the marriage, the wife's conduct negatively impacted on the marriage partnership.

On the other hand, a consideration of the wife's contributions and conduct over the course of the marriage leads to the inescapable conclusion that she was a good mother and made substantial and valuable contributions to the marriage. It is difficult, at best, for a family court judge to value indirect contributions. It is even more difficult for this court to value those contributions based upon the appellate record. For that reason we defer to the discretion of the trial court whose findings and conclusions in this area will not be disturbed on appeal absent an abuse of discretion. *Phillips v. Phillips*, 290 S.C. 455, 351 S.E. (2d) 178 (Ct. App. 1986). We find no abuse of discretion in the case *sub judice*.

The husband next argues the court erred in finding the parties had divided their furnishings and certain other items of personal property and each party should retain those items in his or her possession. We agree. The husband prayed for a distribution of the personal property and submitted a list of properties and their values. The wife submitted a partial listing. The husband valued this property at around $20,000 while the wife valued it at $5,500. The court did not value the personal property nor divide it. This was error and we remand this aspect of the equitable division award to the family court for valuation and redistribution. *See Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988), *cert. denied*, 298 S.C. 117, 378 S.E. (2d) 445 (1989).

The husband also assigns error to the trial judge's division of certain marital assets. The court awarded the husband two individual retirement accounts valued at $6,747.22; his pension and profit sharing plan valued at $22,957.26; his Wal-Mart stock valued at $6,510; and a 35.9 percent share of the net proceeds from the sale of the marital home. The wife was awarded her individual retirement account valued at $1,200 and a 64.1 percent interest in the marital home. The husband claims this was error because his retirement plan's current liquidated value is less than the $22,957.26 value assigned to it by the court. He also claims the IRAs are not worth their face value because he cannot liquidate them without tax consequences and penalties. On the other hand, he argues the wife may liquidate her share in the marital home without difficulty.[1] We find no error in this division. The trial court valued the IRAs and retirement plan exactly as stated on the husband's financial declaration. He offered no other values or evidence of the impact of liquidation on these assets. *Cf. Graham v. Graham*, ___ S.C. ___, 390 S.E. (2d) 469 (Ct. App. 1990) (evidence of penalty and tax consequences provided). We find no abuse.

We find no merit to the husband's argument that his profit sharing plan is non-marital. The husband's primary contention is the plan should be excluded because he makes no monetary contributions to its accumulation. We

---

[1] This argument is diluted by the fact the wife was awarded possession of the marital home for the purpose of providing a home for the children.

hold that where, as here, it is evident an employer makes a contribution to a retirement fund as an employment benefit or as a form of additional compensation, as opposed to an outright gift to the employee, the contribution is marital property and subject to equitable division. *See Kneece v. Kneece,* 296 S.C. 28, 370 S.E. (2d) 288 (Ct. App. 1988); *Martin v. Martin,* 296 S.C. 436, 373 S.E. (2d) 706 (Ct. App. 1988).

The husband next assails the trial court's order on the basis the court miscalculated the equity in the house. It is clear from the record the estimated equity in the house was understated by approximately $5,300. Since the husband was awarded a percentage interest in the house upon sale, we do not think he is substantially prejudiced by the court's mistake. However, the miscalculation does affect the overall value of the estate in some small way and if the house is indeed worth its estimated value the wife will benefit in some small amount. Because we have remanded the personal property issue, we also remand this matter for reconsideration.

### ATTORNEY AND GUARDIAN AD LITEM FEES

The husband next attacks the court's requirement that he pay one-half of the guardian ad litem's fee. His major objection to payment of a portion of the guardian ad litem fee is that the guardian ad litem was not objective. The court did not accept the guardian ad litem's recommendations in their entirety, but found they were "useful to the court in gaining insight into these parties." Manifestly, the guardian ad litem's recommendations were more favorable to the wife. However, merely because a party does not like the recommendations of a court appointed guardian is no reason for excusing that party from liability for payment of the guardian's fee. The court may, of course, tax costs for the payment of a guardian ad litem fee. *S.C. Code Ann.* Section 2-7-420(37) (Supp. 1989). The amount is left to the sound discretion of the court. *South Carolina Dep't of Social Servs. v. Hyatt,* 277 S.C. 152, 283 S.E. (2d) 445 (1981).[2]

---

[2] We note that since the husband has abandoned all custody issues, we hardly see where he may now complain about payment of the guardian ad litem's fee.

Finally, the husband argues the trial court should have awarded him attorney fees. The award of attorney fees is within the discretion of the court. *Skipper v. Skipper*, 290 S.C. 412, 351 S.E. (2d) 153 (1986). Under the facts of this case, we find no abuse of discretion by the trial judge in denying the husband attorney fees.

Affirmed in part, reversed in part, and remanded.

SHAW and BELL, JJ., concur.

