2012

Carol H. WEST, Respondent v. Benjamin A. WEST, Appellant.

(431 S.E. (2d) 603)

Court of Appeals

*Andrew G. Goodson,* of *Younts, Alford, Brown & Goodson,* Fountain Inn, *for appellant.*

*J. Michael Turner,* of *Culbertson, Whitesides, Turner & Able,* Laurens, *for respondent.*

Submitted April 12, 1993.

Decided May 10, 1993.

GARDNER, Judge:

The parties met and were married in 1986. The wife left in January 1991, as a result of the husband's extreme physical and mental abuse. The wife then brought suit against her husband, seeking a decree of separate maintenance and support, alimony, continued medical insurance coverage, equitable division of marital property, a restraining order, and attorney fees. The husband counterclaimed for divorce on the grounds of habitual drunkenness. The wife answered with an additional allegation of adultery. The court found in favor of the wife, granting a decree of separate maintenance and support, requiring the husband to continue the wife on his medical insurance plan, and awarding the wife $750 per month in alimony, forty percent of the equity in the marital home, and attorney fees. The husband appeals. We affirm.[1]

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

The husband first argues that it was inequitable for the court to award the wife forty percent of the equity in the marital home under the facts of this case. The husband does not argue, however, that the home is not marital property. Furthermore, the facts of this case are similar to those of *Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988). In *Johnson*, this Court affirmed a fifty percent share to a wife who endured extreme physical abuse and otherwise contributed to the marriage as wife and home-maker, even though the marriage lasted little over a year and the wife did not contribute financially to the marriage. 296 S.C. at 298-300, 372 S.E. (2d) at 112-13.

The husband next argues that the court failed to divide other marital property when it held the parties were entitled to the personal property they currently possessed. It is true that the trial court generally should value and divide personal property of a marriage. *Hardwick v. Hardwick*, 303 S.C. 256, 259, 399 S.E. (2d) 791, 792-93 (Ct. App. 1990). The trial court's ruling, however, effected a fair division of the property, if not a division favoring the husband. During trial, the husband indicated that his wife essentially took items that she brought into the marriage. In addition, the husband's own list of marital assets reflects that he retained possession of $1,600 of the wife's property. Furthermore, the husband does not argue how the division was unfair, or what additional property should have been awarded to him. Overall, the present division of personal property is equitable. *See Keller v. Pearce-Young-Angel Co.*, 253 S.C. 395, 399, 171 S.E. (2d) 352, 355 (1969) ("The burden is, of course, upon the appellant to show not only error but resulting prejudice.").

Finally, the husband argues that the court failed to consider the appropriate factors in awarding alimony, and that the court abused its discretion in the award of attorney fees. To the contrary, the court's order clearly reflects consideration of the appropriate factors for alimony and attorney fees. *See* S.C. Code Ann. § 20-3-130 (Supp. 1992); *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E. (2d) 313 (1991).

Affirmed.

BELL, J., and LITTLEJOHN, Acting Judge, concur.