579 S.E.2d 530

**James PENDERGAST/Father, Appellant,**

v.

**Charlene PENDERGAST/Mother, Respondent.**

No. 3627.

Court of Appeals of South Carolina.

Submitted March 10, 2003.

Decided April 14, 2003.

---

34

Cynthia Barrier Castengera, of Newland, NC, David Dusty Rhoades, of Charleston, for Appellant.

Lon H. Shull, III, of Mt. Pleasant, for Respondent.

STILWELL, J.

James Pendergast (Father) appeals the family court order which failed to reduce his unallocated support obligation following the graduation from college of the parties' child, and also required him to contribute $6,000 toward Charlene Pendergast's (Mother) attorney fees. We affirm.[1]

## FACTS

The parties were married in 1970, had a child in 1979, and were divorced in 1980 in New York. The original decree specified alimony and child support, which was later recast as unallocated support pursuant to a 1984 consent order in New York. Father relocated to South Carolina, but Mother and

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

child remained in New York. In 1997, a South Carolina family court continued this characterization of Father's support obligations in a subsequent consent order.

In the present action, the family court terminated Father's child support obligation. However, it refused to reduce Father's unallocated support because he had shown no change in circumstances warranting a reduction in the support paid to Mother, and further held that the unallocated support was now clearly alimony. The court found Mother's recurring monthly expenses were reasonable and found the fact that the parties' child was emancipated did not provide a basis for reducing or terminating alimony and that Mother had received no increase in support since 1980 while Father's income had substantially increased.

## STANDARD OF REVIEW

In appeals from the family court, this court has the authority to find the facts in accordance with its own view of the preponderance of the evidence. *Rutherford v. Rutherford,* 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992). This broad scope of review does not, however, require this court to disregard the findings of the family court. *Stevenson v. Stevenson,* 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981). Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Cherry v. Thomasson,* 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981). Furthermore, our broad scope of review does not "relieve the appellant of the burden of convincing this Court that the family court committed error." *Skinner v. King,* 272 S.C. 520, 523, 252 S.E.2d 891, 892 (1979).

## LAW/ANALYSIS

### I. Apportionment of Unallocated Support

Father argues that the family court erred by not reducing his unallocated support obligation by the portion attributable to child support, which the family court terminated. Father further argues that the court is required to allocate the support between child support and alimony under section 20–

3–150. S.C.Code Ann. § 20–3–150 (1976 & Supp.2001). We disagree with this application of the law based on the facts of this case.

■■■■ In the absence of South Carolina authority on point, we find it helpful to look to other jurisdictions for guidance. "[A]n alimony award given for the support of a wife and her children is an award to the group as a family unit and cannot automatically be prorated among the wife and children upon the happening of some contingent event regarding the children, ... *except as specifically provided in the decree." Van Dyck v. Van Dyck,* 263 Ga. 161, 429 S.E.2d 914, 916 (1993). Such an award is subject to modification based on the changes in financial circumstances of the parties because of events involving the children. *Id.* at 916–17. However, the reduced support obligation presented by a child's emancipation may be offset by changes in circumstances affecting the remaining support obligations. *See Graffeo v. Graffeo,* 7 A.D.2d 741, 180 N.Y.S.2d 844 (N.Y.App.Div.1958) (denying modification where the fact that one child had become self-supporting was offset by a change in circumstances due to the increased cost of maintaining the other child); *Barker v. Barker,* 45 N.Y.S.2d 809 (N.Y.Sup.Ct.1943) (continuing the original allowance for the benefit of the wife, who was afflicted with a chronic ailment which rendered her unable to work, even though one of the daughters had married and the other was employed, the original award in a separation being for the support of the wife and the two daughters).

Here, a New York consent order subsequent to the divorce decree changed the support from child support and alimony to unallocated support, and the 1997 South Carolina enforcement order continued that characterization. Father's time to appeal these underlying orders is long past. The award was both fully child support and fully alimony with no distinction or proration. Neither provided for automatic proration based upon the contingent event of the parties' child's emancipation.

■■■■ The family court in the order under appeal held that the support is clearly alimony and should now be characterized as such. The amount of alimony is within the trial court's sound discretion and "will not be disturbed on appeal unless an abuse of discretion is shown." *Smith v. Smith,* 264 S.C.

624, 627–28, 216 S.E.2d 541, 543 (1975). Father deducted amounts paid on his income taxes as alimony. The family court was therefore correct in holding that the entire amount is alimony.

## II.   Reduction of Alimony

Father asserted a material and substantial change of circumstances had occurred because the parties' child was now emancipated and Mother's living and housing expenses had reduced substantially while she was earning more money than at the time of the divorce hearing and no longer required support. Thus, Father argues he is entitled to termination or modification of alimony.

South Carolina law authorizes a spouse to request modification of alimony based upon a change of circumstances. S.C.Code Ann. § 20–3–170 (1976 & Supp.2001). After a hearing in which the parties are given the opportunity to be heard and present evidence, the family court may "make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the supporting spouse, decreasing or increasing or confirming the amount of alimony provided for in such original judgment or terminating such payments." S.C.Code Ann. § 20–3–170 (1976).

The determination " 'of whether to increase or decrease support based on a finding of changed circumstances is a matter committed to the sound discretion of the family court.' " *Thornton v. Thornton,* 328 S.C. 96, 111, 492 S.E.2d 86, 94 (1997) (quoting *Brunner v. Brunner,* 296 S.C. 60, 64, 370 S.E.2d 614, 616 (Ct.App.1988)). Thus, "the family court's determination whether to modify support will not be disturbed on appeal unless the family court abused its discretion." *Id.* To justify modification, the changes in circumstances must be substantial or material. *Id.* We find the family court did not abuse its discretion in determining there has been no substantial change in circumstances warranting modification of alimony.

The family court found that the child's completing college would do relatively little to decrease Mother's expenses or cost of living. In spite of child's graduation from college, we find no

evidence in the record that Mother's monthly expenses would decrease. Moreover, in the twenty years since the divorce, Mother never sought a cost-of-living increase. Her income and standard of living has remained relatively unchanged, whereas Father's income and concomitant ability to pay alimony has substantially increased. Father argued that Mother's living circumstances had changed and asserted that she was living with a man. The family court found, and we agree, that Father's own investigator's findings support Mother's testimony that she is living in the basement of a single family home and moved out of her apartment and sublet it because gangs had moved into the neighborhood. We agree this evidence does not support a decrease in Father's monthly alimony obligation.

### III. Attorney Fees

Father argues that because much of Mother's attorney's time was devoted to her motions which were denied, she has not prevailed and should not be awarded partial attorney fees. We disagree.

"The award of attorney fees is within the discretion of the court." *Hardwick v. Hardwick*, 303 S.C. 256, 261, 399 S.E.2d 791, 794 (Ct.App.1990). In determining whether to award attorney fees, the Court should consider each party's ability to pay his or her own fees, the beneficial results obtained by the attorney, the parties' respective financial conditions, and the effect of the fee on each party's standard of living. *E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 815 (1992). In determining the amount of attorney fees to award, the court should consider the nature, extent, and difficulty of the services rendered, the time necessarily devoted to the case, counsel's professional standing, the contingency of compensation, the beneficial results obtained, and the customary legal fees for similar services. *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

Father sued Mother in South Carolina to reduce the support. She was required to take time from work and defend the action in South Carolina. Her defense of the alimony reduction action was successful. Moreover, the court found Father chose to bring this action in South Carolina and

had the income to afford attorney fees, whereas Mother did not without substantially impacting her standard of living. The family court ordered Father to pay part but not all of Mother's attorney fees. It is apparent from the record that the judge appropriately considered the *Glasscock* factors in determining the amount of attorney fees to award. The court did not err in requiring Father to contribute $6,000 toward Mother's attorney fees.

## CONCLUSION

Because the court's findings are supported by the evidence and the record and are not affected by any error of law, the order of the family court is

**AFFIRMED.**

CURETON and HOWARD, JJ. concur.