THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Richard T. Bell,       
Respondent,
 
 
 

v.

 
 
 
Gayle Meacher Boyd and
Robert Willis Bell,       
Defendants,
Of Whom Gayle Meacher Boyd is,       
Appellant.
 
 
 

Appeal From Charleston County
F.P. Segars-Andrews, Family Court Judge

Unpublished Opinion No. 2004-UP-360
Submitted March 19, 2004  Filed June 
 4, 2004

AFFIRMED 

 
 
 
Cynthia B. Castengera, of Newland, NC and D. Dusty Rhoades, 
 of Charleston, for Appellant. 
Sally King-Gilreath of Mt.  Pleasant, and J. Mark Taylor, 
 of Columbia, for Respondent.
 
 
 

PER CURIAM:  Gayle Boyd appeals the family court 
 order requiring her to reimburse Robert Bell for post majority support payments.  
 Bell made payments to Boyd in the amount of $7,725.00, even though the parties 
 son, Robert, failed to attend college as was required for Bell to continue the 
 agreed-upon support obligation.  The court also awarded Bell attorneys fees 
 in the aggregate sum of $15,269.44 at the rate $1,000 per month.  We affirm.
1.       The family court did not err in awarding 
 Bell reimbursement of overpayment of child support, even though the mediated 
 agreement did not call for reimbursement. The family court has authority to 
 order reimbursement of child support expenses. LaFitte v. LaFitte, 280 
 S.C. 473, 477, 313 S.E.2d 41, 44 (Ct. App. 1984).  The question of child support 
 is largely within the discretion of the trial judge whose decision will not 
 be disturbed on appeal unless an abuse of discretion is shown. Hopkins v. 
 Hopkins, 343 S.C. 301, 305, 540 S.E.2d 454, 456 (2000).          The evidence 
 presented showed not only that Bells support obligation should have ended, 
 but also that Boyd was aware, but attempted to deceive Bell to continue receiving 
 support payments.  Under the circumstances, the family court did not abuse its 
 discretion in ordering reimbursement of the child support overpayment.
2.       The family court 
 did not err in requiring Boyd to pay attorneys fees. The award of attorney 
 fees is within the discretion of the court.  Pendergast v. Pendergast, 
 354 S.C. 32, 39, 579 S.E.2d 530, 533 (Ct. App. 2003).  Boyd has shown no abuse 
 of discretion.  In determining whether to award attorney fees, the court should 
 consider each party's ability to pay his or her own fees, the beneficial results 
 obtained by the attorney, the parties' respective financial conditions, and 
 the effect of the fee on each party's standard of living. Wooten v. Wooten, 
 354 S.C. 242, 254255, 580 S.E.2d 265, 771 (Ct. App. 2003).  In determining 
 the amount of attorney fees to award, the court should consider the nature, 
 extent, and difficulty of the services rendered, the time necessarily devoted 
 to the case, counsel's professional standing, the contingency of compensation, 
 the beneficial results obtained, and the customary legal fees for similar services. 
 Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).  
 Bell and Boyd stipulated that the attorneys would not have to testify regarding 
 fees. The family court reviewed the attorney affidavits and the itemized bills, 
 and made the requisite findings relating whether to award attorneys fees and 
 the reasonable amount of fees.  
AFFIRMED. 
 [1] 
GOOLSBY, HOWARD, and BEATTY, JJ., concur.

 
 [1] 
 We decide this case without oral argument pursuant to Rule 215, SCACR.