672 S.E.2d 589

**Ronald B. SEROWSKI, Appellant,**

v.

**Barbara L. SEROWSKI, a/k/a Barbara L. Weis, Respondent.**

No. 4482.

Court of Appeals of South Carolina.

Heard Nov. 6, 2008.

Decided Jan. 12, 2009.

308

310

Thomas M. Neal, III, of Columbia, for Appellant.

James H. Moss, of Beaufort, for Respondent.

PIEPER, J.:

This is an appeal from an order granting modification of alimony and reducing appellant's permanent periodic alimony obligation from $1,750.00 to $1,500.00 per month. On appeal, Ronald Serowski (Husband) alleges the family court erred in: (1) failing to eliminate, or alternatively, failing to further reduce his alimony obligation based upon the parties' alleged change in circumstances; (2) modifying the court's decision as set forth in the initial memorandum instructions to counsel and considering improper ex parte communications from counsel for respondent; (4) relying on the findings of the original divorce decree; and (5) failing to award attorney's fees. We affirm.

## FACTS/PROCEDURAL HISTORY

Husband and Barbara Weis (Wife), having been married for thirty-four years, were divorced by final decree dated November 7, 1997. Pursuant to the divorce decree, the marital estate was divided equally and Husband was ordered to pay Wife permanent periodic alimony in the amount of $1,750.00 per month, approximately one-half of Husband's gross monthly income.

On July 10, 2003, Husband filed the instant action seeking modification of the prior alimony award as well as attorney's fees and costs. Wife filed an answer and counterclaim seeking an increase in alimony in addition to attorney's fees and costs.

At the time of the final hearing, Husband was sixty-six years old and Wife was sixty-two. Husband testified his current expenses totaled $5,184.04 per month, marking an increase in expenses by $2,695.48 since the divorce. Wife's testimony revealed her expenses totaled $1,888.85, indicating a decrease by $636.15. Since the time of the divorce, Husband's income had increased by $2,657.42 and Wife's income had increased by $929.50, as a result of her social security and annuity benefits. Additionally, Husband testified his assets totaled $62,993.93; however, the court did not find this evidence credible.[1]

As to the parties' health, Husband presented evidence and testimony regarding various health problems including congestive heart failure and coronary artery disease which led to open heart surgery in September 2004. Wife testified her health was " 'so-so' " and that she continues to suffer from a medical condition which existed at the time of the divorce.

Following the hearing, the court instructed Husband's counsel to prepare a proposed order reducing Husband's alimony obligation from $1,750.00 to $1,000.00. Upon receipt of the proposed order, Wife's counsel wrote the trial judge voicing some disagreement regarding the findings in the proposed order and allegedly further arguing Wife's position in the matter. Husband's counsel objected to the court's consideration of the letter and shortly thereafter Wife's counsel wrote another letter to the court allegedly further arguing the case. Copies of the letters were sent to Husband's counsel on both occasions. After receiving the letters, the court issued a written response to both parties indicating the letters were inappropriate and would not be considered. Thereafter, the court permitted Wife's counsel to submit a proposed order within fifteen days.

On September 20, 2006, the court issued its final order finding Husband failed to prove a material or substantial change in circumstances warranting a termination of alimony, but that evidence was presented to support a request for a

---

1. The court did not find Husband's testimony credible as to his earning potential, expenses, and assets. Specifically, the court found Husband was transferring his assets to his current wife so as to improve his position for either termination or reduction of his alimony obligation.

reduction in alimony. The order reduced Husband's alimony obligation to $1,500.00 and denied both parties' requests for attorney's fees and costs. Husband timely filed a motion to alter or amend, which the court denied. This appeal followed.

## STANDARD OF REVIEW

In appeals from the family court, this court has the authority to find facts in accordance with its own view of the preponderance of the evidence. *Wooten v. Wooten*, 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005). However, despite this broad scope of review, we are not required to disregard the findings of the family court judge, who saw and heard the witnesses, and was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Id.* Questions concerning the modification of alimony rest within the sound discretion of the family court and will not be overturned absent an abuse of that discretion. *Riggs v. Riggs*, 353 S.C. 230, 236, 578 S.E.2d 3, 6 (2003). An abuse of discretion occurs if the court's ruling is controlled by an error of law or if the ruling is based upon findings of fact that are without evidentiary support. *Sharps v. Sharps*, 342 S.C. 71, 79, 535 S.E.2d 913, 917 (2000).

## LAW/ANALYSIS

Husband argues the court erred in failing to eliminate Husband's alimony obligation on the ground Wife's increase in income and assets constitutes a substantial or material change in circumstances sufficient to warrant a termination of alimony. We disagree.

"The purpose of alimony is to provide the ex-spouse a substitute for the support which was incident to the former marital relationship." *Love v. Love*, 367 S.C. 493, 497, 626 S.E.2d 56, 58 (Ct.App.2006) (internal citation omitted). Pursuant to Section 20–3–170 of the South Carolina Code, changed conditions may warrant a modification or termination of alimony. S.C.Code Ann. § 20–3–170 (1985). This section specifically provides:

> Whenever any husband or wife ... has been required to make his or her spouse any periodic payments of alimony and the circumstances of the parties or the financial ability

of the spouse making the periodic payments shall have changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments ...

*Id.*

To justify modification or termination of an alimony award, the change in circumstances must be substantial or material. *Thornton v. Thornton,* 328 S.C. 96, 111, 492 S.E.2d 86, 94 (1997); *Pendergast v. Pendergast,* 354 S.C. 32, 38, 579 S.E.2d 530, 533 (Ct.App.2003). Changes in circumstances within the contemplation of the parties at the time the divorce was entered generally do not provide a basis for modifying alimony. *Calvert v. Calvert,* 287 S.C. 130, 139, 336 S.E.2d 884, 889 (Ct.App.1985). "As a general rule, a court hearing an application for a change in alimony should look not only to see if the substantial change was contemplated by the parties, but most importantly whether the amount of alimony in the original decree reflects the expectation of that future occurrence." *Sharps,* 342 S.C. at 78, 535 S.E.2d at 917. As such, the party seeking modification has the burden to show by a preponderance of the evidence that the unforeseen change has occurred. *Kelley v. Kelley,* 324 S.C. 481, 486, 477 S.E.2d 727, 729 (Ct.App.1996).

Here, Husband asserts that Wife's increase in monthly income as a result of her receipt of social security and annuity benefits constitutes a substantial change in circumstances warranting termination of his alimony obligation. In support of this assertion, Husband cites *Eubank v. Eubank,* 347 S.C. 367, 555 S.E.2d 413 (Ct.App.2001), wherein this court found the family court erred in failing to consider the wife's post-decree increase in assets in determining whether to grant a reduction or termination of alimony. While *Eubank* addresses a situation in which the wife's increase in assets may have warranted a modification or termination of alimony, the *Eubank* court's reversal of the denial of modification or termination was based on the family court's failure to consider the wife's changes in circumstances in addition to those of the husband. *Id.* at 375, 555 S.E.2d at 417. In contrast to *Eubank,* the instant case neither involves a substantial in-

crease in assets on the part of Wife nor a decrease in income on the part of Husband. In fact, Husband actually increased his income. While Husband asserts his expenses have also increased, the family court did not find Husband's testimony regarding his expenses credible. Moreover, in accordance with *Eubank,* the court properly considered both parties' economic circumstances in reaching its finding. *See Eubank,* 347 S.C. at 375, 555 S.E.2d at 417. *Eubank* merely suggests an abuse of discretion where the court fails to consider the appropriate factors and circumstances.

We find the court in the instant matter properly considered both parties' alleged changes in circumstances in concluding that Husband had not proven a material or substantial change in circumstances warranting a termination of alimony. Additionally, the court found Husband's testimony as to his earning potential, expenses, or assets was not credible. In light of the relatively small percentage increase in Wife's monthly income, review of the evidence supports the court's finding that termination of alimony is not appropriate. Accordingly, the court's denial of the request to terminate alimony was not an abuse of discretion.

In the alternative, Husband asserts the court erred in concluding he failed to prove a change in circumstances warranting a greater reduction of his alimony obligation. We disagree.

As stated, the change in circumstances must be substantial or material to justify a modification of an alimony award. *Pendergast,* 354 S.C. at 38, 579 S.E.2d at 533. In determining whether the change in circumstances warrants a modification, several considerations relevant to the initial determination of an alimony award may be applied in the modification context as well, including the parties' standard of living during the marriage, each party's earning capacity, and the supporting spouse's ability to continue to support the payee spouse. *Penny v. Green,* 357 S.C. 583, 589, 594 S.E.2d 171, 174 (Ct.App.2004).

In the instant case, after carefully reviewing and contrasting the parties' income, expenses, and assets at the time of the divorce and at the time of the hearing, the court found Wife's increase in income due to her receipt of social

security and annuity benefits had improved her ability to meet her needs. In addition, the court noted that Wife's net worth had also increased since the parties' divorce. As to Husband's asserted change in circumstances, the court recognized that Husband had suffered serious medical problems. However, with regard to Husband's assertion that his medical problems have limited his earning capacity, the court found Husband's testimony as to his earning capacity was not credible. The evidence in the record supports the court's findings. Therefore, the court's reduction in alimony from $1,750.00 to $1,500.00 was appropriate. Accordingly, the court did not abuse its discretion in failing to award a greater reduction of alimony.

Next, Husband contends the court erred in modifying its decision in the final order. Husband further contends the court's modification was the result of improper ex parte communications from Wife's counsel. We disagree.

Until written and entered, a court has discretion to modify or amend a ruling. *Ford v. State Ethics Comm'n*, 344 S.C. 642, 646, 545 S.E.2d 821, 823 (2001) ("The written order is the trial judge's final order and as such constitutes the final judgment of the court.") (citing Rule 58, SCRCP). Moreover, "[i]t is well settled that a judge is not bound by a prior oral ruling and may issue a written order which is in conflict with the oral ruling." *Corbin v. Kohler Co.*, 351 S.C. 613, 621, 571 S.E.2d 92, 97 (Ct.App.2002) (quoting *Badeaux v. Davis*, 337 S.C. 195, 204, 522 S.E.2d 835, 839 (Ct.App.1999)). Here, the court's initial memorandum to counsel was not the final written order of the court. As such, the court had broad discretion to change or amend its decision in the final written order.

As to Husband's assertion that the court's modification was influenced by the improper ex parte communications of Wife's counsel, this issue is without merit. Here, the trial judge, in denying Husband's motion to alter or amend, specifically stated she did not consider the letters submitted by Wife's counsel. The trial judge further indicated that once it was discovered that the letters served to further argue the

case, she set them aside and notified counsel that the communications were improper and would not be given consideration.[2] Additionally, in an attempt to prepare the final written order, the trial judge decided to further review the evidence after concluding the findings contained in the proposed orders from counsel were insufficient. Consequently, the trial judge evaluated the evidence in greater detail and determined that a decrease in alimony of $250.00, as opposed to $750.00, was more appropriate. Although the original award in the memorandum was modified from $750.00 to $250.00, the court's final determination was influenced by nothing more than the facts in the record. Accordingly, we find the court did not engage in improper ex parte communications and the modification of the alimony award from the instruction in the initial memorandum was well within the discretion of the court.

 Turning to the next issue on appeal, Husband asserts the court erred in focusing on the findings of the original divorce decree regarding Husband's earning capacity and marital fault. We disagree.

The factors relevant to the initial determination of an alimony award as set out in Section 20–3–130(c) of the South Carolina Code include, among numerous other factors, employment history and earning potential as well as marital misconduct. S.C.Code Ann. § 20–3–130(c) (2007). Among the factors relevant to a determination of alimony, earning capacity has also been considered in the modification context. *Kelley*, 324 S.C. at 486, 477 S.E.2d at 729–30 (citing *Boney v. Boney*, 289 S.C. 596, 599, 347 S.E.2d 890, 892 (Ct.App.1986)).

While earning capacity can be considered as a factor in an action for modification of an alimony award, there is no evidence the court relied on this factor in arriving at its determination to reduce Husband's alimony obligation. Additionally, there is no indication the court relied on the initial court's findings regarding Husband's marital fault. Review of

---

**2.** We remind the Bar of Rule 9(b), South Carolina Rules of Family Court, which states "[c]ounsel shall not attempt to further argue any matter after he has been heard and the ruling of the court has been pronounced."

the order reveals the court balanced the relevant considerations in making its own findings relative to the parties' changes in circumstances. Accordingly, the court did not abuse its discretion in focusing its findings on the parties' changes in circumstances.

Lastly, Husband asserts the court abused its discretion in failing to award attorney's fees and costs. We disagree.

The determination whether to award attorney's fees is within the sound discretion of the family court and will not be overturned absent an abuse of discretion. *Stevenson v. Stevenson*, 295 S.C. 412, 415, 368 S.E.2d 901, 903 (1988). In determining whether to award attorney's fees, the court should consider the parties' ability to pay their own fees, the beneficial results obtained by the attorney, the parties' respective financial conditions, and the effect of the fee on each party's standard of living. *E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992).

Here, the court properly considered the appropriate factors and concluded each party should be responsible for their own attorney's fees and costs. Although Husband successfully received a reduction in alimony, Husband was primarily seeking to terminate his alimony obligation based on Wife's alleged change in need. Husband was not successful on the termination claim. Moreover, Husband's income is sufficient to enable him to satisfy his attorney's fees and costs. Accordingly, we find no error in the family court's denial of attorney's fees to Husband.

## CONCLUSION

Based upon the foregoing, the order of the family court is **AFFIRMED.**

WILLIAMS and GEATHERS, JJ., concur.