THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 George Wyman
 Oxner, Appellant,
 
 

   v.

 
 
 
 
 Johnnie Mimms
 Oxner, Respondent.
 
 

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

Unpublished Opinion No.  2011-UP-097
 Submitted March 1, 2011  Filed March 10,
2011

AFFIRMED

 
 
 
 Spencer Andrew Syrett, of Columbia, for
 Appellant.
 Michael C. Tanner, of Bamberg, for
 Respondent.
 
 
 

PER CURIAM:  George
 Wyman Oxner (Husband) appeals the family court's order finding a substantial
 change in circumstances existed warranting a reduction in his alimony payments
 to Johnnie Mimms Oxner (Wife).  He argues the family court erred in: (1)
 declining to terminate his alimony payments to Wife, or failing to reduce his
 alimony payments by the amount received by Wife from the pension because his
 retirement was not foreseeable and Wife's income increased since the divorce;
 (2) finding Husband's pension was property instead of income replacement; and
 (3) awarding attorney's fees to Wife.  We affirm.[1]
1. We hold the family court did not abuse its discretion in
 declining to terminate Husband's alimony payments or failing to reduce his
 alimony payments by the amount received by Wife from the pension.  "The
 question of whether to increase or decrease alimony based on a finding of
 changed circumstances is a matter committed to the sound discretion of the
 family court."  Gartside v. Gartside, 383 S.C. 35, 42, 677 S.E.2d
 621, 625 (Ct. App. 2009).  Here, Husband continued to earn more income than
 Wife even after he retired and also possessed close to $50,000 in various
 investments.  In comparison, Wife testified she would not be able to meet her
 current expenses without continued alimony payments from Husband, and her only
 source of income was from her current job.  Additionally, the payments to Wife
 from Husband's pension plan could not be considered in determining alimony
 modification because it was within the contemplation of the parties at the time
 of the divorce.  The original property settlement agreement specifically
 contemplated Husband's retirement at a future time and consequently addressed
 the division of Husband's pension plan between Husband and Wife.  See Serowski
 v. Serowski, 381 S.C. 306, 313, 672 S.E.2d 589, 593 (Ct. App. 2009) ("Changes
 in circumstances within the contemplation of the parties at the time the
 divorce was entered generally do not provide a basis for modifying
 alimony.").      
2. We hold
 the issue of whether Husband's pension
 was property instead of income replacement is not preserved for appellate
 review because the family court did not specifically rule on this issue in its
 final order and Husband did not file a Rule 59(e), SCRCP, motion.  See West
 v. Newberry Elec. Co-op., 357 S.C. 537, 543, 593 S.E.2d 500, 503 (Ct. App. 2004)
 (finding an issue was not preserved when it was not explicitly ruled on by the
 trial court in its final order and the appellant did not raise the issue in a
 Rule 59(e), SCRCP, motion to alter or amend the judgment).        
3. We hold the family
 court did not abuse its discretion in awarding attorney's fees to Wife because
 it properly considered all the relevant factors recited in Glasscock v.
 Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) and E.D.M. v.
 T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  See Patel
 v. Patel, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004) ("An award of
 attorney's fees rests within the sound discretion of the trial judge and should
 not be disturbed on appeal unless there is an abuse of discretion.").      
         
AFFIRMED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.