THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John W. Ankney, Appellant,
 
 
 

v.

 
 
 
 Nancy L.
 Ankney, Respondent.
 
 
 

Appeal from Richland County
W. Thomas Sprott, Jr., Family Court Judge

Unpublished Opinion No. 2012-UP-179
 Heard February 15, 2012  Filed March 14,
2012   

AFFIRMED 

 
 
 
 John W. Carrigg, Jr., of Lexington, for Appellant.
 Thomas E. McCutchen, of Columbia, for Respondent.
 
 
 

PER CURIAM: John
 W. Ankney (Husband) appeals from the family court's order denying his request
 to modify or terminate his alimony obligation to his former wife, Nancy Ankney (Wife),
 and ordering him to pay one-half of Wife's attorney's fees.  We find no error of law or abuse of discretion, and,
 therefore, we affirm the family court's order pursuant to Rule 220(b)(1),
 SCACR, and the following authorities: 
1. As to whether the family
 court erred in denying Husband's request to modify or terminate his alimony to
 Wife: Lewis v. Lewis, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (explaining
 "the family court's factual findings will be affirmed unless 'appellant
 satisfies this court that the preponderance of the evidence is against the
 finding of the family court'" (citing Finley v. Cartwright, 55 S.C.
 198, 202, 33 S.E. 359, 360-61 (1899))); Thornton
 v. Thornton, 328 S.C. 96, 111, 492
 S.E.2d 86, 94 (1997) ("The change in circumstances must be substantial or material in order to
 justify a modification of the previous alimony obligation."); Riggs v.
 Riggs, 353 S.C. 230, 236, 578 S.E.2d 3, 6 (2003) ("In addition to the
 changed circumstances of the parties, the financial ability of the supporting
 spouse to pay is a specific factor to be considered." (citing S.C. Code
 Ann. § 20-3-170 (1985))); Brunner v.
 Brunner, 296 S.C. 60, 64, 370 S.E.2d
 614, 617 (Ct. App. 1988) ("The question of whether to increase or decrease support based on a finding of changed circumstances is a
 matter committed to the sound discretion of the family court."). 
2. As to whether the family
 court erred in ordering Husband to pay one-half of Wife's attorney's fees: Lewin
 v. Lewin, Op. No. 4918 (S.C. Ct. App. filed December 14, 2011) (Shearouse
 Adv. Sh. No. 45 at 73) ("In deciding whether to award attorney's fees and
 costs, the family court should consider '(1) the party's ability to pay his/her
 own attorney's fee; (2) beneficial results obtained by the attorney; (3) the
 parties' respective financial conditions; [and] (4) effect of the attorney's
 fee on each party's standard of living.'" (quoting E.D.M. v. T.A.M.,
 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992))); Lewis v. Lewis, 392
 S.C. 381, 394, 709 S.E.2d 650, 656 (2011) (stating that the decision to award
 attorney's fees "'rests within the sound discretion of the family court"'
 (quoting Brunner v. Brunner, 296 S.C. 60, 62, 370 S.E.2d 614, 616 (Ct.
 App. 1988))).
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.