535 S.E.2d 913

Su Hnyn SHARPS, Petitioner,

v.

Loyde P. SHARPS, Respondent.

No. 25185.

Supreme Court of South Carolina.

Heard April 6, 2000.

Decided Aug. 14, 2000.

Rehearing Denied Sept. 7, 2000.

Peter D. Deluca, Jr., of Deluca & Maucher, L.L.P., of Goose Creek, for petitioner.

Constance A. Anastopoulo, of Anastopoulo Law Firm, of Charleston, for respondent.

TOAL, Chief Justice:

The trial court awarded an increase in monthly alimony payments to a spouse. The Court of Appeals reversed. We reverse the Court of Appeals and reinstate the trial court's order.

### FACTUAL/PROCEDURAL BACKGROUND

In 1971, Su Hnyn Sharps ("Wife") married Loyde P. Sharps ("Husband") in Korea. Shortly after their marriage, the couple relocated to the United States and had two daughters. After thirteen years of marriage, the couple divorced in 1984. In the divorce decree, the court awarded Wife custody of their two minor children, child support of $400 a month, the marital home, and the right to pursue alimony after a period of thirty months.

After the thirty-month period, Wife filed a petition seeking alimony. The court awarded Wife $100 per month in alimony, increased to $150 a month after one year. By 1996, both children had reached the age of majority and Husband was no longer required to make child support payments. In 1997,

Wife filed a petition seeking an increase in the amount of alimony payments claiming a substantial change in circumstances. Wife alleged the changes in both parties' incomes, an increase in the cost of living, and the termination of the child support payments warranted an adjustment in the amount of alimony paid by Husband.

At trial, Wife asserted the changes she believed warranted an increase in alimony. Wife testified that she was 60 years old, her monthly wages had decreased by $489.63, her monthly expenses increased by $26.80 (due to an increase in her mortgage payment), the emancipation of her children had ended Husband's $400 a month child support obligation, she was unable to meet her financial obligations resulting in a monthly deficit, and she suffered from arthritis. She had obtained only the equivalent of an eight grade education in Korea and she could not write English.

Wife called Husband to testify at trial. Husband testified that he has worked for the United States Post Office since 1987. Since his divorce from Wife, Husband has remarried and then divorced a second wife. This second marriage did not produce any children, and Husband has no alimony responsibilities to the second wife. Husband testified that his income has increased by $1,497 per month since the initial award of alimony. The trial court also believed Husband attempted to deceive it concerning his financial obligations. At the time of the hearing, Husband was engaged for a third time to a woman with multiple sclerosis. At the hearing, Husband attempted to disguise his fiancee's car loan as a second loan on his truck. Also, the trial court found Husband attempted to include some of his fiancee's medical bills as part of his financial obligations.

Following Wife's presentation of her case, Husband moved for a directed verdict. Husband argued that Wife did not prove a substantial change in circumstances because the termination of child support was an anticipated event and general inflation along with Husband's increased income were not proper reasons for an increase in alimony. The trial court denied Husband's motion. The trial court found a substantial change in circumstances and increased Husband's monthly alimony obligation from $150 to $475. The court based its

ruling on the increase in Husband's income, a decrease in Husband's expenses, the increase in Wife's expenses, the thirteen-year length of the marriage, and their respective ages.

Husband appealed to the Court of Appeals arguing the family court erred in finding a substantial change in circumstances, erred in considering the termination of child support as a change in circumstance, erred in applying section 20–3–130(C)(12)(the existence of other support obligations), and erred by overlooking Wife's donations to her church as a sign of lack of need for alimony. The Court of Appeals agreed with Husband on several grounds. The Court of Appeals held the trial court improperly relied on the termination of child support to find a change in circumstances. The Court of Appeals also ruled general inflation and Husband's increase in salary were not sufficient to warrant a modification of alimony. The Court of Appeals also questioned the accuracy of Wife's financial declaration. *See Sharps v. Sharps*, Op. No. 99–UP–081 (S.C. Ct.App. filed February 9, 1999). Wife has appealed and the issues before the Court are:

I. Did the Court of Appeals err in finding the termination of child support is an anticipated event that cannot qualify as a change in circumstance?

II. Did the Court of Appeals err in overruling the trial court's determination that significant changes of circumstances existed warranting an increase in alimony?

## LAW/ANALYSIS

### I. Termination of Child Support as a Basis for Increasing Alimony

■ Wife argues the Court of Appeals erred in overruling the trial court's reliance on the termination of child support as a factor in finding a substantial change of circumstances. We agree.

■ Once a court sets the amount of periodic alimony, that amount may be modified under the guidelines of S.C.Code Ann. § 20–3–170 (1985). That statute states in part:

Whenever [a spouse] ... has been required to make his or her spouse any periodic payments of alimony and *the cir-*

*cumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed* since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments ...

(emphasis added). In order to justify modification, the changes in circumstances must be substantial or material. *See Thornton v. Thornton,* 328 S.C. 96, 492 S.E.2d 86 (1997). Our Court of Appeals has held that: "Generally, changes in circumstances within the contemplation of the parties at the time the decree was entered do not provide a basis for modifying either an alimony allowance or a child support award." *Calvert v. Calvert,* 287 S.C. 130, 139, 336 S.E.2d 884, 889 (Ct.App.1985).

Using *Calvert,* courts have refused to adjust alimony where the substantial change alleged was known by the parties at the time of the decree. For example, an increase in the wife's income from her re-entry into the workforce after the divorce has been found not to qualify as a substantial change where her future employment was contemplated during the divorce proceedings. *See Kelley v. Kelley,* 324 S.C. 481, 477 S.E.2d 727 (Ct.App.1996); *Lynn v. Lynn,* 290 S.C. 359, 350 S.E.2d 403 (Ct.App.1986). Also, changes in financial status as a result of the property division from the divorce are generally in the contemplation of the parties at the time of the divorce and do not qualify as a substantial change. *See Kielar v. Kielar,* 311 S.C. 466, 429 S.E.2d 851 (Ct.App.1993); *Kneece v. Kneece,* 296 S.C. 28, 370 S.E.2d 288 (Ct.App.1988). Prior to *Calvert,* the Court of Appeals even found the increase in expenses to the husband as a result of the wife's immediate relocation with her new spouse to Virginia could not be considered in determining whether a substantial change existed because the parties contemplated her move during the divorce. *See Nelson v. Merritt,* 281 S.C. 126, 314 S.E.2d 840 (Ct.App.1984).

In light of *Calvert* and subsequent Court of Appeals cases, courts usually consider only those changes that were unknown to the parties at the time of the separation decree in determining if a substantial change has occurred warranting a modification of alimony. The original divorce decree generally

addresses these expected changes. However, there are some future changes which may be in contemplation of the parties at the time of the decree but, due to other considerations, cannot be addressed at that time in the divorce decree.

■ The termination of child support in the current case is one situation where, even though the future event was known at the time of the separation, the trial court could not properly address that expected change in the divorce decree. Because a court cannot always know what conditions will exist in the future, it would be arbitrary to automatically increase alimony or child support in the far distant future based on the happening of anticipated events. *See Condon v. Condon,* 280 S.C. 357, 312 S.E.2d 588 (Ct.App.1984); *Shafer v. Shafer,* 283 S.C. 205, 320 S.E.2d 730 (Ct.App.1984). We are not holding that all automatic increases in alimony are *per se* unenforceable. In many cases, such as the current one, the family court may structure a short period of time that allows the paying spouse to adjust to the new financial situation of a divorce before raising the amount of monthly alimony to a set amount. As long as any such increase does not occur too far into the future, these orders are proper and enforceable.

■ Our ruling today does not in anyway affect a party's ability to financially obligate themselves for the payment of expenses to be incurred in the future. For example, even when a child is very young, a parent may contractually obligate himself or herself to pay educational expenses of the child beyond the age of majority. *See Stanaland v. Jamison,* 275 S.C. 50, 268 S.E.2d 578 (1980). Such agreements are enforceable. Also, a family court has the authority to assign responsibility for college expenses if certain factors are met. *See Risinger v. Risinger,* 273 S.C. 36, 253 S.E.2d 652 (1979). Since a modification hearing will not be used to relitigate issues settled in the original divorce decree, these assignments of responsibility will be enforced.

In the current matter, Wife does not contend that she did not know about the eventual emancipation of her children and the subsequent cessation of child support. However, if the original divorce decree had attempted to increase Wife's alimony following the emancipation of the children, the amount of that increase would have been arbitrary and unenforceable

in light of the substantial amount of time between the original decree and the emancipation. Also, had the original decree in this case granted Wife a greater amount of periodic alimony, it may have unfairly exceeded Husband's financial ability to pay the child support, the alimony, and support himself as well.

■ As a general rule, a court hearing an application for a change in alimony should look not only to see if the substantial change was contemplated by the parties, but most importantly whether the amount of alimony in the original decree reflects the expectation of that future occurrence. Our decision today should not be read as a holding that the cessation of child support will always result in a substantial change warranting an adjustment in alimony. Cases will exist where the termination of child support will occur so close in time to the decree setting alimony that the expected cessation of child support will be reflected in the alimony amount owed to a spouse. Furthermore, there will be cases where even though the cessation of child support is very remote in time to the setting of alimony, the termination of child support will not result in a substantial change warranting an adjustment of a spouse's alimony.

In the current case, the original amount of alimony awarded to Wife clearly reflected the consideration that Husband would also be paying child support. By requiring Wife to wait thirty months before she could pursue alimony, as well as setting the one-year period of reduced alimony, the family court further revealed a concern about Husband's ability to afford paying both child support and alimony while also supporting himself. Although the emancipation of the children was an expected event, the original divorce decree would not have been able to make a future adjustment in alimony in favor of Wife because doing so would have required substantial speculation as to future conditions. As a result, the family court properly relied on the termination of child support in its overall analysis of whether a substantial change had taken place.

## II. Substantial Change Warranting an Increase in Alimony

■ Wife argues the Court of Appeals erred in finding she failed to prove a substantial change in circumstances warranting the increase in alimony payments. We agree.

Questions concerning alimony rest with the sound discretion of the trial court, whose conclusions will not be disturbed absent a showing of abuse of discretion. *Bannen v. Bannen,* 286 S.C. 24, 331 S.E.2d 379 (Ct.App.1985). An abuse of discretion occurs when the court is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support. *McKnight v. McKnight,* 283 S.C. 540, 324 S.E.2d 91 (Ct.App.1984). However, an appellate court reviewing a family court order may find facts in accordance with its own view of the preponderance of the evidence. *Kelley v. Kelley,* 324 S.C. 481, 477 S.E.2d 727 (Ct.App.1996). We disagree with the Court of Appeals' conclusion that Husband's increase in income was the only changed circumstance. Wife also experienced a dramatic increase in the deficit between her income and expenses. Furthermore, the cessation of child support had a significant impact on the financial circumstances of Wife. By relying on all of these factors, the trial court had the authority to adjust the amount of alimony paid by Husband.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the opinion of the Court of Appeals and reinstate the trial court's order increasing the amount of alimony.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.