590 S.E.2d 495

**Charles Floyd HAILEY, Jr., Respondent,**

v.

**Betty Kimbrell HAILEY, Appellant.**

No. 3637.

Court of Appeals of South Carolina.

Heard Nov. 6, 2002.

Decided May 5, 2003.

Lucy L. McDow, of Rock Hill, for appellant.

Forrest C. Wilkerson, of Rock Hill, for respondent.

HOWARD, J.:

Charles Floyd Hailey ("Husband") brought this action against his former spouse, Betty Kimbrell Hailey ("Wife"), seeking a downward modification of his alimony obligation. Husband asserted a change in circumstances occurred because Wife began receiving monthly Social Security benefits after the award of alimony and because income should be imputed to her for the substantial appreciation in value of her non-income-producing real property. Wife denied a decrease was warranted and counterclaimed for an increase in alimony and attorney's fees. Following multiple hearings, the family court

denied Husband's motion for a reduction in alimony, declining to impute income to Wife for the appreciation in value of her real property. The court granted Wife an increase in alimony and awarded her attorney's fees. Husband appeals. We affirm in part and reverse in part.

## FACTUAL/PROCEDURAL BACKGROUND

The parties were divorced in July of 1993, after forty-three years of marriage. The divorce decree reserved all issues of support and property division for later disposition. After twelve hearings, the family court issued its final order on May 23, 1994, dividing the marital property and awarding Wife $1,250.00 per month in periodic alimony.

Wife appealed the alimony award to the supreme court, and while the appeal was pending, she began receiving Social Security benefits, prompting Husband's first motion for a reduction in alimony in September of 1993. Following a remand from the supreme court to allow the issue to be heard, the case was scheduled for hearing on August 3, 1995. At that time, however, Husband agreed to dismiss the motion because he believed it was unlikely the court would grant a modification. In a consent order, the motion was dismissed, and Husband agreed to pay Wife's attorney's fees.

In 1997, Husband again brought an action to reduce his alimony obligation, contending Wife's 1994 increase in income from Social Security and other sources, along with her substantial increase in net worth from the appreciation of non-income-producing real property, were sufficient changes in circumstances to justify an alimony reduction.

Wife denied a reduction was warranted and counterclaimed for an increase in alimony on the grounds that she was unable to maintain the standard of living she enjoyed during the marriage.

The family court, Judge William R. Byers, Jr., conducted multiple hearings. However, Judge Byers retired before making a decision, leading to a substantial delay, and the necessity of re-trying the issues. To expedite the process, the parties reached certain factual stipulations concerning their original economic circumstances and their circumstances as of 1998.

The parties agreed the relevant time period for purposes of determining the cross-motions was between May 23, 1994, the date of the original award, and March 31, 1998, the date the motion for modification was first heard by Judge Byers. Therefore, although a substantial time has passed, we confine our review to this stipulated time period. The parties also stipulated to their net worth on May 23, 1994 and as of March 31, 1998. According to the stipulation, Wife's net worth had increased from $662,796.00 to $849,919.99, and Husband's net worth had increased from $733,010.00 to $988,414.00.

Following a hearing, the family court, Judge Robert E. Guess, found a change of circumstances had occurred. Thus, he increased Wife's alimony award from $1,250.00 to $1,675.00 per month, citing the following reasons: 1) Wife's age; 2) the deterioration of Wife's physical and emotional health; 3) the deterioration of Wife's personal residence; and 4) Wife's decreased standard of living. Additionally, Judge Guess concluded Wife's real estate holdings were less marketable than Husband contended, and he refused to impute income to Wife for them. Furthermore, because Wife prevailed on her motion, and after considering the appropriate factors, Judge Guess awarded Wife attorney's fees.

## STANDARD OF REVIEW

"Questions concerning alimony rest with the sound discretion of the trial court, whose conclusions will not be disturbed absent a showing of abuse of discretion." *Sharps v. Sharps*, 342 S.C. 71, 79, 535 S.E.2d 913, 917 (2000). "An abuse of discretion occurs when the court is controlled by some error of law or where the order, based upon factual findings, is without evidentiary support." *Kelley v. Kelley*, 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct.App.1996). "However, an appellate court reviewing a family court order may find facts in accordance with its own view of the preponderance of the evidence." *Sharps*, 342 S.C. at 79, 535 S.E.2d at 917. "[W]hen an appellate court chooses to find facts in accordance with its own view of the evidence, the court must state distinctly its findings of fact and the reason for its decision." *Dearybury v. Dearybury*, 351 S.C. 278, 283, 569 S.E.2d 367, 369 (2002).

24

**DISCUSSION**

### I. Husband's Motion to Decrease Alimony

Husband argues the family court erred by denying his motion to decrease alimony. He contends the original decree required the family court to decrease alimony when Wife began receiving Social Security benefits. He also asserts a decrease is warranted because the evidence shows her income increased over the applicable period and income should have been imputed to her for the non-income-producing real properties she owns.

### A. Judicial Estoppel

As a threshold matter, Wife argues Husband's claim to decrease alimony is barred by judicial estoppel. We conclude this issue is not preserved for review.

After Wife began receiving Social Security in August of 1994, Husband moved for a decrease in alimony. Before the scheduled hearing, Husband agreed to dismiss the motion because he believed, given the relative financial positions of both parties, relief was unlikely.

In 1996, Husband brought another action requesting a reduction that was again dismissed without prejudice.

In 1997, Husband brought the current motion to modify the alimony award. In her answer, Wife raised res judicata as a defense based upon the orders dismissing the previous motions. However, the record does not reflect Wife raised judicial estoppel as a bar to this modification action. Furthermore, the family court, Judge Guess, did not rule on this issue.

In *Noisette v. Ismail*, our supreme court held issues not raised to and ruled on by the trial judge were not preserved for review by an appellate court. 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991); *see Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 704 (Ct.App.2001) (holding issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review). Therefore, this issue is not preserved for our review.

## B. Reduction based upon wording of the divorce decree

Husband argues the family court erred by denying his motion to decrease alimony because the original divorce decree required a reduction once Wife began receiving Social Security benefits. We disagree.

The original divorce decree contained the following language:

"[A]limony will be reviewable upon the Wife attaining the age of sixty-five (65) years or otherwise being able to draw on ... [Husband's] social security and [his] Medicare coverage. **These will be substantial changes in circumstances for the alimony to be modified.**"

(emphasis added).

"As a general rule, judgments are to be construed like other written instruments." *Eddins v. Eddins*, 304 S.C. 133, 135, 403 S.E.2d 164, 166 (Ct.App.1991). "The determinative factor is the intention of the court, as gathered, not from an isolated part thereof, but from all parts of the judgment itself." *Id.* Furthermore, "[a]n order should be construed within the context of the proceeding in which it is rendered." *Dibble v. Sumter Ice & Fuel Company*, 283 S.C. 278, 282, 322 S.E.2d 674, 677 (Ct.App.1984).

This Court has noted that, "[g]enerally, changes in circumstances within the contemplation of the parties at the time the decree was entered do not provide a basis for modifying either an alimony allowance or a child support award." *Calvert v. Calvert*, 287 S.C. 130, 139, 336 S.E.2d 884, 889 (Ct.App.1985). However, in applying this general rule, the family court should look not only at whether the parties contemplated the change, but also "most importantly whether the amount of alimony in the original decree reflects the expectation of that future occurrence." *Sharps*, 342 S.C. at 78, 535 S.E.2d at 917. Moreover, as our supreme court noted, "There are some future changes which may be in contemplation of the parties at the time of the decree but, due to other considerations, cannot be addressed at that time in the divorce decree." *Id.* at 77, 535 S.E.2d 913, 336 S.E.2d at 916.

The family court noted the imminent increase in Wife's income from the onset of Social Security benefits in the

divorce decree. This provision in the order makes it clear that Social Security benefits were not factored into the original alimony award. Just as clearly, the family court did not attempt to allocate a reduction in alimony based on this future event. Rather, the original order stated alimony was *reviewable* once this event occurred.

The family court, Judge Guess, found Wife's income was inadequate to pay her monthly expenses, even considering her Social Security benefits. Her 1998 income was $2,297.00 per month, including her $564.00 per month Social Security benefit, leaving her with a deficit of $489.00 per month. Based on Husband's financial declaration, his income grew from $5,374.00 per month to $11,507.00 per month,[1] and, using his figures, he still had a monthly surplus of $845.00. Both parties grew in net worth, Husband greater than Wife. In relation to each other, their financial positions remained relatively stable, although the court concluded Wife had reduced her standard of living to remain within her income. Thus, based on all of the changes of circumstances that occurred, or lack thereof, between the parties, the family court declined to reduce Wife's alimony.

We agree with the family court's conclusion that the original order did not mandate a reduction in alimony when Wife began receiving Social Security benefits. Furthermore, the family court did not abuse its discretion by reviewing all of the changes in circumstances in evaluating whether or not a modification in alimony was warranted. *See id.* at 79, 535 S.E.2d at 917 (holding in evaluating a change in circumstances, the court must determine if the change warrants a modification of alimony, and in doing so, must consider all of the changes in circumstances that have occurred).

## C. Wife's Income and Net Worth Increase

 Husband argues that, even if the original alimony award did not mandate a decrease once Social Security payments began, the family court erred by denying his motion to

---

1. Although we recognize the 1994 figure is net of expenses associated with the rental properties, and the 1998 income is a gross figure, Husband did not present financial evidence to aid the court in interpreting the 1998 figure.

reduce alimony because Wife's income substantially increased during the applicable period. In this regard, Husband asserts the family court failed to impute income to Wife for non-marital-real-estate assets that have appreciated in value by $148,000.00 since the divorce. Although we agree Wife's increase in net worth should not have been excluded from consideration for the reasons advanced by the family court, we disagree with the argument that income should be imputed to her warranting a decrease in alimony.

Once a periodic alimony obligation is set, South Carolina Code Annotated section 20–3–170 (1985) governs modification of the obligation. Section 20–3–170 states in pertinent part:

Whenever [a spouse] ... has been required to make his or her spouse any periodic payments of alimony and *the circumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed* since the rendition of the judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments. . . .

(emphasis added).

Furthermore, the burden of showing by the preponderance of the evidence a change has occurred is on the party seeking the modification. *Cartee v. Cartee*, 295 S.C. 103, 104, 366 S.E.2d 269, 269 (Ct.App.1988).

During the marriage, Wife inherited real property in Rock Hill ("the Rock Hill property") and Fort Mill ("the Fort Mill property") from her mother. She jointly owns the Rock Hill property with four other people, and, according to her testimony, she does not control it.

She and her two sisters inherited adjoining twenty-three acre tracts of land in Fort Mill. According to Wife, she and her sisters verbally agreed not to sell their tracts until all three could be sold, so that the proceeds could be equally divided. Although offers had been made to buy the property as a whole, and Wife had agreed to sell her portion, her sisters had declined, believing the offers to be inadequate.

Wife stipulated the value of these two properties had increased by $148,000.00 since 1994 to a 1998 value of

$406,000.00. Husband's accountant testified Wife could have earned $8,983.00 per year from the properties based on their value in 1993, $12,982.00 per year from the proceeds if she sold the properties in 1998, or $18,371.00 per year if she exchanged the properties for rental properties.

The family court declined to impute income to Wife based on these properties for two reasons. First, the court concluded Wife made a wise decision by not selling the properties in 1993, noting that the properties had appreciated in value significantly more than the combined total of the foreseeable income that could have been derived by conservatively investing the proceeds. Second, the court concluded the properties were not nearly as marketable as Husband's accountant portrayed them to be.

We disagree with the family court's analysis as to both issues. South Carolina Code Annotated section 20–3–130(C) (Supp.2002) provides:

> In making an award of alimony or separate maintenance and support, the court must consider and give weight in such proportion as it finds appropriate to all of the following factors ... (8) the marital and nonmarital properties of the parties, including those apportioned to him or her in the divorce or separate maintenance action.

Wife owned the two subject properties at the time of the equitable distribution. Thus, when the family court determined the original alimony award, it presumably considered the impact that the two properties, and their reasonable appreciation, would have on Wife's financial condition. Therefore, absent an extraordinary event affecting the original value of these assets, the imputation of income, for purposes of determining a change of circumstances, would be an unfair duplication. *See Calvert,* 287 S.C. at 139, 336 S.E.2d at 889 ("Generally, changes in circumstances within the contemplation of the parties at the time the decree was entered do not provide a basis for modifying either an alimony allowance or a child support award."); *see also Gay v. Gay,* 70 Conn.App. 772, 800 A.2d 1231, 1240 (2002) (holding the appreciation in value of an asset "distributed at the time of the dissolution does not constitute a change in circumstances that the court may consider when deciding whether to entertain a motion for

modification of alimony. Furthermore, . . . [it] cannot be used as a factor to determine the amount by which alimony is to be modified."); *cf. Eubank v. Eubank*, 347 S.C. 367, 374, 555 S.E.2d 413, 417 (Ct.App.2001) (noting, where Wife received property after the equitable distribution, the family court erred by refusing to consider the property when determining whether an alimony modification was warranted because "even if Husband knew before the parties' divorce that Wife would likely receive an inheritance on the deaths of her mother and aunt, the parties could not have ascertained the amount of Wife's inheritances or when she would receive them." Thus, the property could not have been considered by the family court in the equitable distribution.).

As to the marketability of the properties, the family court stated "[t]here is nothing in the records which would lead me to believe that the wife has the ability to convert this property without significantly more expense than has been allowed by the husband's witnesses."

The parties stipulated to the value of Wife's properties for purposes of this proceeding. With the possible exception of Wife's comment that she did not control the Fort Mill property, she does not argue, and offers no proof, that the properties have less value than that to which she stipulated. Therefore, the record does not support the family court's finding, and we conclude it is an abuse of discretion.

Notwithstanding this determination, we conclude Husband failed to prove that a reduction in alimony is warranted. First, no evidence was presented to establish the appreciation in these assets was extraordinary over the stipulated period. In fact, Husband's assets increased in value by $255,404.00 during the same period, approximately the same percentage increase as that of Wife.

The family court concluded Wife managed to increase the value of her assets by allowing them to appreciate, rather than converting them into cash and spending the income. This conclusion is supported by the testimony. The family court also concluded that Wife had a monthly deficit of $489.00, a finding that is also borne out by the record. Therefore, even if income were imputable for the $148,000.00 increase in value

of these assets,[2] the additional income would not make up the deficit the family court found to exist. Thus, we hold no substantial change in circumstances has occurred such that an alimony reduction is warranted. *See Calvert*, 287 S.C. at 138, 336 S.E.2d at 888 (holding to warrant an alimony modification, the change of circumstances must be either substantial or material).

## II. Wife's Motion to Increase Alimony

Husband argues the family court erred by increasing Wife's alimony award. We agree.

To support her assertion of a change of circumstances warranting an increase in alimony, Wife testified her standard of living has declined over the applicable period. She opined she is "probably manic-depressive," she does not think she is capable of working, and she "probably need[s]" psychological assistance. At the time of the hearing, she was taking Ronase; Vasotec, a blood pressure medication; Miacalcin, a bone density medication; and Atrooent, an inhaler. In March of 1998, these medications cost her between $175.00 and $225.00 per month. She also testified she had a "protruding tooth" as of the date of hearing.

In support of her assertion that her standard of living had decreased, she testified her home needed painting and new interior furnishings. She also testified the exterior needed work. Furthermore, she provided a list of needed, allegedly unaffordable, household repairs, including everything from new upholstery and appliances to tree removal, although no cost estimates were included.

The trial court concluded this evidence established a change in circumstances warranting an increase in alimony. We disagree with this conclusion.

Wife's casual description of her own medical condition is unconvincing, especially in light of the total failure of proof as to any impact upon her income or economic circumstances.

---

2. Husband's accountant opined Wife could have earned $8,983.00 per year in interest, in 1993, by investing the original value of these assets in conservative investments, and $12,982.00 per year, in 1998, based upon the increased value. ($12,982.00–$8,983.00 = $3,999.00 ÷ 12 months = $333.25 per month additional gross income).

Additionally, Wife provided no evidence her medication expense increased after the initial award of alimony. *Cf. Thornton v. Thornton,* 328 S.C. 96, 111, 492 S.E.2d 86, 94 (1997) (finding no abuse of discretion by award of increased alimony when relatively young wife had ongoing severe medical condition hampering her earning capability and husband's standard of living had continued to increase since initial award). Furthermore, she stipulated she had no unusual or extraordinary expenses.

Moreover, we do not agree any deterioration to Wife's residence warrants an increase. Wife's testimony reveals that the only two expenses arising after the original award of alimony involve yard work and repairs needed to a storage building. She admitted the remainder of the deterioration pre-dated the stipulated time period. We simply cannot agree the need for yard work and repair to a storage shed constitutes a change in circumstances warranting an increase in alimony, especially in view of Wife's stipulated net worth, which includes liquid assets in excess of $180,000.00.

Reviewing the record as a whole, we conclude Wife has failed to demonstrate a decline in her standard of living such that an alimony increase is warranted. Under the family court's findings, her income has increased, her net worth has increased, and her expenses have decreased. Therefore, we reverse the award of an increase in alimony.

### III. Attorney's Fees

Husband argues the trial court erred by granting Wife attorney's fees. We disagree.

The award of attorney's fees is within the discretion of the court. *Skipper v. Skipper,* 290 S.C. 412, 414, 351 S.E.2d 153, 154 (1986). In determining whether to award attorney's fees, the court should consider each party's ability to pay his or her own fee; the beneficial results obtained by the attorney; the parties' respective financial conditions; and the effect of the fee on each party's standard of living. *E.D.M. v. T.A.M.,* 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992).

Husband brought this action to reduce his alimony obligation. Wife has successfully defended against this action.

32

Furthermore, Wife's monthly income is less than her expenses, and Husband's income is significantly more than his expenses. Thus, we conclude Judge Guess' attorney's fee award to Wife was proper.

## CONCLUSION

Based on the foregoing, the decision of the family court is **AFFIRMED IN PART and REVERSED IN PART.**

GOOLSBY and SHULER, JJ., concurring.