THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Larry Foster,       
Respondent,
 
 
 

v.

 
 
 
Bettie Foster,       
Appellant.
 
 
 

Appeal From Florence County
Wylie H. Caldwell, Jr., Family Court 
 Judge

Unpublished Opinion No, 2004-UP-248
Submitted March 8, 2004  Filed March 
 15, 2004

AFFIRMED

 
 
 
Jerry D. Vinson, Jr. and Michele R. Krize, both of Florence, 
 for Appellant.
James M. Saleeby, Sr., of Florence, and Marian Dawn Nettles, 
 of Lake City, for Respondent.
 
 
 

PER CURIAM: Larry Foster (Husband) brought 
 this action against his former wife Bettie Foster (Wife) seeking a termination 
 or reduction in alimony based on his substantial change of circumstances.  The 
 family court reduced Husbands alimony obligation, but only based on Wifes 
 change of income.  Wife appeals, alleging the trial court erred in modifying 
 the alimony and in failing to award her the full amount of her attorneys fees.  
 We affirm.
FACTS
Husband and Wife married on April 17, 
 1985 and divorced on April 30, 1998.  The divorce decree divided the marital 
 estate equally between the parties and granted Wife $1,500 per month in permanent, 
 periodic alimony.  Wife appealed.  The parties settled the case during the pendency 
 of the appeal with an agreement approved by the family court.  This agreement 
 provided Husband would pay Wife $7,500 per month, consisting of $6,000 per month 
 in equitable distribution payments and $1,500 per month in permanent, periodic 
 alimony payments until the last equitable distribution payment was made in January 
 of 2002.  After the Husbands equitable distribution payment obligations ceased, 
 Husbands alimony obligations would increase to $4,000 per month.  The agreement 
 further provided that at that time, either party could move for a modification 
 of alimony based on a substantial change of circumstances.  
In February 2002, Husband filed this action 
 seeking a reduction or elimination of alimony based on a substantial change 
 of circumstances.  He alleged his businesses incomes had decreased substantially 
 causing similar decreases in his personal income.  In addition to the Husbands 
 alleged decrease in income, the family court also considered the wifes new 
 employment with a bank in which she earned $1,387.00 per month.  
The family court reduced Husbands alimony 
 obligation by $1,000 per month, basing the modification solely on Wifes new 
 employment, and not Husbands alleged loss of business income.  The court awarded 
 the Wife $2,500.00 of the attorneys fees she requested.  This appeal followed.  

LAW/ANALYSIS

I.  Reduction in alimony

Wife argues the family court erred in finding 
 there had been a substantial change in her circumstances that warrant a reduction 
 in alimony.  We disagree.  
The family court has the authority to alter alimony 
 payments upon a proper showing of a change of condition.  S.C. Code Ann. § 20-3-170 
 (1985).  Questions concerning alimony are in the sound discretion of the family 
 court.  Bryson v. Bryson, 347 S.C. 221, 224, 553 S.E.2d 493, 495 (Ct. 
 App. 2001).  The family courts modification of an alimony award will not be 
 reversed on appeal absent a showing of abuse of discretion.  Thornton v. 
 Thornton, 328 S.C. 96, 111, 492 S.E.2d 86, 94 (1997).  To justify modification 
 of an alimony award, the changes in circumstances must be substantial or material.  
 Sharps v. Sharps, 342 S.C. 71, 76, 535 S.E.2d 913, 916 (2000).  Generally, 
 changes in circumstances within the contemplation of the parties at the time 
 the decree was entered do not provide a basis for modifying either an alimony 
 allowance or a child support award.  Id. (quoting Calvert v. Calvert, 
 287 S.C. 130, 139, 336 S.E.2d 884, 889 (Ct. App. 1985).  Therefore, courts have 
 refused to modify alimony where the parties anticipated the substantial change 
 in circumstances at the time of the divorce decree.  Sharps, 342 S.C. 
 at 76, 535 S.E.2d at 916.  The original divorce decree generally addresses the 
 expected change of circumstances.  Id. at 76-77, 535 S.E.2d at
916.  

The family court reduced Husbands alimony obligation 
 from $4,000 per month to $3,000 per month.  The court stated, The only reason 
 he is receiving the decrease herein awarded is the Wife managed to land a job 
 immediately before the hearing, candidly disclosed that fact, and allowed that 
 to be considered by the court.  Wife contends that the fact she now earns a 
 $1,387 per month income is not a sufficient change of circumstances to warrant 
 modification of the alimony award.  She argues the parties clearly anticipated 
 she would return to the work force, and therefore, it was error for the family 
 court to modify the alimony award.  
We find Wifes new employment was a change of 
 circumstances that was unanticipated by the parties at the time of the decree.  
 The original decree stated Wife had job skills as evidenced by her past work 
 history, however, she has been out of the job market for a number of years.  
 We do not find this as an expression of the courts anticipation of Wifes future 
 employment.  Instead, we find the court was contemplating the difficulty Wife 
 might face trying to find employment because of her long absence from the job 
 market.  We also find no indication the parties anticipated Wifes re-entry 
 into the workforce at the time they entered into the settlement agreement.  
 In fact, except for some part-time employment, the Wife remained unemployed 
 from the time of the decree until the day before the hearing.
Wife also argues the reduction in alimony would not allow her to 
 maintain the standard of living she enjoyed during the marriage.  We find no 
 error in the family court reducing the alimony award to $3,000 a month when 
 Wife is now also earning $1,387 a month and listed the property she owns as 
 valued at $340,623.  In addition, Wife asserts the reduction in alimony penalizes 
 her for gaining employment.  We find this assertion meritless.  An alimony award 
 should not serve as a disincentive for a spouse to make reasonable efforts to 
 improve her employment potential or to dissuade the spouse from providing, to 
 the extent possible, for her own support.  Brandi v. Brandi, 302 S.C. 
 353, 358, 396 S.E.2d 124, 127 (Ct. App. 1990).         
Being mindful of our standard of review, which gives the family court judge 
 discretion in modifying alimony, we find Wifes new employment and income is 
 a sufficient change of circumstances to warrant the modification of the alimony 
 award from $4,000 to $3,000 per month.  

 II.      Attorneys Fees  

Wife argues the family court erred by only awarding her a portion of her attorneys 
 fees and costs.  We disagree.  
An award of attorneys fees and costs is in the 
 discretion of the family court and will not be overturned absent an abuse of 
 discretion.  Donahue v. Donahue, 299 S.C. 353, 365, 384 S.E.2d 741, 748 
 (1989).  To prevail on appeal, a party must show the courts conclusions were 
 without factual support, resulted in prejudice, and amounted to an error of 
 law.  Alliegro v. Alliegro, 287 S.C. 154, 157, 337 S.E.2d 252, 254 (Ct. 
 App. 1985).  
In determining the proper amount to award, we 
 consider: the nature, extent, and difficulty of the services rendered; the time 
 necessarily devoted to the case; the professional standing of counsel; the contingency 
 of compensation; the beneficial results obtained; and the customary legal fees 
 for similar services.  Glasscock v. Glasscock, 304 S.C. 158, 161, 403 
 S.E.2d 313, 315 (1991).  
We recognize Wifes attorney spent a considerable 
 amount of time deciphering Husbands confusing business records in defending 
 the Husbands claim for a reduction of alimony.  However, Wife is capable of 
 paying her own fees.  Her gross monthly income, including the reduced alimony, 
 is $4,387 and she owns $340,623 in total property according to her financial 
 declaration.  Furthermore, as to the beneficial results obtained, although the 
 family court rejected Husbands contention that alimony should be reduced due 
 to his decrease in income, it nevertheless granted his request for a reduction 
 based on Wifes new employment.  Therefore, Husband was successful in his claim 
 for a reduction in alimony.  Based on the above, we find the family court did 
 not abuse its discretion in awarding Wife $2,500.00 in attorneys fees and costs. 

CONCLUSION  
For the foregoing reasons, the decision of the 
 family court is
AFFIRMED. 
 HUFF, STILWELL, and CURETON, JJ., concur.