THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jack (NMN) Knight, Jr., Appellant,
v.
Debra Ann McAbee Knight, Respondent.
In Re:
Debra M. Knight, Plaintiff
v.
Jack Knight, Jr., Defendent.
 
 
 

Appeal From Spartanburg County
Honorable Brian M. Gibbons, Family Court Judge

Unpublished Opinion No. 2006-UP-394
Submitted November 1, 2006  Filed December 6, 2006

AFFIRMED

 
 
 
Richard H. Rhodes, of Spartanburg, for Appellant.
James C. Cothran, Jr.  and Toney J. Lister,  both of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Jack Knight (Husband) commenced this action against his ex-wife, Debra Knight (Wife), seeking a termination or reduction in alimony based on the substantial change of circumstances of both Husband and Wife.  Wife counterclaimed requesting an increase in alimony as well as attorneys fees.  The family court refused to modify Husbands alimony obligation and required each party pay his own attorney fees and costs.  Husband appeals, arguing the family court erred by not terminating or reducing his alimony.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities: S.C. Code Ann. § 20-3-170 (1985) (authorizing a family court to alter an award of periodic alimony upon a proper showing of changed circumstances); Sharps v. Sharps, 342 S.C. 71, 79, 535 S.E.2d 913, 917 (2000) (finding the modification of alimony is within the sound discretion of the trial court, whose conclusions will not be disturbed absent a showing of abuse of discretion); McKnight v. McKnight, 283 S.C. 540, 324 S.E.2d 91 (Ct. App. 1984) (defining an abuse of discretion as when the court is controlled by some error of law or where the order, based upon findings of fact is without evidentiary support); Kelley v. Kelley, 324 S.C. 481, 486, 477 S.E.2d 727, 729 (Ct. App. 1996) (noting a party seeking a modification of alimony has the burden to show by a preponderance of the evidence that a change has occurred and that the change is either substantial or material and was unanticipated at the time of the divorce decree.); Sharps, 342 S.C. at 76, 535 S.E.2d at 916 (stating that changes in financial status as a result of the property division from a divorce are generally in the contemplation of the parties at the time of the divorce and do not qualify as a substantial change.).
 AFFIRMED
ANDERSON, HUFF and BEATTY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.