THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Delores Brown Byrd Appellant,
 
 
 

v.

 
 
 
 James Byrd, Respondent.
 
 
 

Appeal From Greenville County
 R. Kinard Johnson, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-426
Submitted December 1, 2006  Filed December 19, 2006

AFFIRMED

 
 
 
 Delores Brown Byrd, of Spartanburg, pro se, for Appellant.
 Fletcher N. Smith, Jr., of Greenville, for Respondent.
 
 
 

PER CURIAM:  The family court ordered James Byrd (Husband) to pay Delores Brown Byrd (Wife) $50 per week in alimony.  Wife appeals the family courts decision, claiming no substantial change in circumstances occurred to merit a reduction in the previous alimony award.  We affirm.
FACTS
Husband and Wife divorced in July 1994.  The Final Order and Decree of Divorce, dated July 19, 1994, awarded Wife $90 in weekly alimony.  In the family courts order, the Husband could petition the court for a reduction of alimony if: the wife returns to work; or if the wife receives an award of disability through her [then] pending disability claim . . . . 
In September 1997, Husband requested the family court terminate alimony because Wife was receiving Social Security disability benefits, which Husband averred was sufficient to establish a substantial change in circumstances.  In its temporary order, the family court granted Husbands requests, finding Wifes reception of disability benefits was a substantial change in circumstances warranting termination of alimony at that time.  
On November 4, 2002, Wife petitioned the family court to restore the parties 1997 case and to hold a hearing on the issue of alimony.  Wife claimed the sale of the marital home in 2001 and Husbands increased income amounted to a substantial change in circumstances, which entitled her to alimony.  The family court denied Wifes motion to restore the case to active docket on the grounds that it would be unjust to revive [the case] after such an extended period of lack of prosecution.  
Wife appealed to this Court, which remanded the case to family court for a final hearing.  Specifically, this Court held the Wife demonstrated good cause to support her petition to have the case restored to active docket. (Byrd v. Byrd, Op. No. 2005-UP-141 (S.C. Ct. App. filed March 1, 2005 (unpublished opinion))).  
On remand, the family court determined that a substantial change in circumstances existed to merit a reduction[1] in alimony. Consequently, the family courts order, dated November 7, 2005, required Husband to pay Wife $50 per week or alternatively $100 every two weeks in alimony.    
Wife asserts the family courts November 2005 order was in error because Husband did not establish a substantial change in circumstances, which would merit a reduction in the amount of alimony previously awarded to Wife.  This appeal followed.  
STANDARD OF REVIEW
The determination of whether to increase or decrease support based on a finding of changed circumstances is a matter committed to the sound discretion of the family court.  Thornton v. Thornton, 328 S.C. 96, 111, 492 S.E.2d 86, 94 (1997) (internal citation omitted).  To justify modification, the changes in circumstances must be substantial or material.  Id.  The family courts determination to modify support will not be disturbed on appeal unless the party claiming error makes a clear showing of an abuse of discretion.  Brunner v. Brunner, 296 S.C. 60, 64, 370 S.E.2d 614, 617 (Ct. App. 1988).  An abuse of discretion occurs when the court is controlled by some error of law or when the order, based upon factual findings, is without evidentiary support.   Hailey v. Hailey, 357 S.C. 18, 23, 590 S.E.2d 495, 497 (Ct. App. 2003).  
However, in appeals from the family court, this Court may find facts in accordance with its own view of the preponderance of the evidence.  Dearybury v. Dearybury, 351 S.C. 278, 283, 569 S.E.2d 367, 369 (2002).  This broad scope of review does not require this Court to disregard the family courts findings.  Bowers v. Bowers, 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct. App. 2002).  Nor must we ignore the fact that the family court judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Lacke v. Lacke, 362 S.C. 302, 307, 608 S.E.2d 147, 150 (Ct. App. 2005).  
LAW/ANALYSIS
Wife argues the family court erred in reducing her alimony award because no substantial change in circumstances existed to warrant a reduction.  We disagree.  
South Carolina law allows a spouse to request modification of alimony upon the occurrence of a change in circumstances.  S.C. Code Ann. § 20-3-170 (1976 & Supp. 2005).  Once both parties are given the opportunity to be heard and present evidence at a hearing, the family court may make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the supporting spouse, decreasing or increasing or confirming the amount of alimony provided for in such original judgment or terminating such payments.  Id.  
Wife argues Husband did not establish a substantial change in circumstances.  In the 1994 divorce decree, the family court specifically stated that if Wife received an award of disability, the husband would have the ability to claim a material change in circumstances and . . . petition th[e] [c]ourt for a reduction of alimony.  Neither party appealed this order.  Although Wife receiving disability benefits does not automatically qualify Husband for a reduction in alimony, this occurrence allows the family court to revisit the issue of alimony.  
The family court properly considered the parties testimony and financial declarations in determining whether the change in circumstances was sufficiently material to alter the alimony award.  As set forth in South Carolina Code Section 20-3-130(C) (Supp. 2005), the family court reviewed and considered each partys income, expenses, and assets at the time of divorce and at the time of this hearing.  
In 1994, Husbands net monthly income was $1,224,[2] and Wife claimed no monthly income.  In 2005, Husbands net monthly income was $1,762, and Wifes net monthly income, including food stamps, was $701.  The family court considered the increase in income of both parties and their monthly expenses.  The court properly used its discretion in refusing to terminate alimony.  In declining to terminate alimony, the court appropriately reduced Wifes alimony to $50 per week.  
While Wife claims her expenses have increased since the date of divorce, her income has also increased.  Wife alleges that without more alimony, she cannot mak[e] ends meet.  Despite this claim, Wife has apparently managed to incur no debt according to her financial declaration.  Wifes lack of debt, without further explanation, weakens her claim that without more alimony she cannot pay her expenses.  Husband, on the other hand, has incurred debt, and his expenses have increased since the date of divorce.  It appears the family court appropriately considered all the changes in circumstances of the parties.  As such, we cannot say that the family court clearly abused its discretion in reducing Wifes alimony. 
Because modification of an alimony award is committed to the sound discretion of the family court, and sufficient facts exist in the record to support the family courts reduction of alimony, we find the family courts ruling was proper.  See Thornton, 328 S.C. at 111, 492 S.E.2d at 94.  
CONCLUSION
For the reasons stated herein, the family courts decision is
AFFIRMED.[3]
Anderson, Huff, and Williams, J.J., concur.

[1] On remand, the family court ordered a reduction as to its original 1994 order, which awarded Wife $90 in alimony.  The 1997 order that terminated alimony was only a temporary order, and as such, the family court had the ability to reinstate and reduce the alimony from the original order.   
[2] In discussing Husband and Wifes income, the family court and parties reference Husbands gross monthly income of $1,880 in 1994, but in 2005 refer to his net income of $1,762.  For the ease of comparison, we reference Husbands net monthly income of $1,224 in 1994 as compared with his net monthly income of $1,762 in 2005.  
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.