THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Delores Holmes, Respondent,
 
 
 

v.

 
 
 
 Samuel Holmes, Appellant.
 
 
 

Appeal From Berkeley County
 Berry L. Mobley, Family Court Judge

Unpublished Opinion No. 2007-UP-003
Submitted December 1, 2006  Filed January 10, 2007

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED 

 
 
 
 Donald Bruce Clark and Marvin I. Oberman, both of Charleston, for Appellant.
 William J. Clifford, of Charleston, for Respondent.
 
 
 

PER CURIAM:  In this divorce action, Samuel Holmes (Husband) appeals  from a family court order denying him a divorce to Delores Holmes (Wife), and requiring him to pay Wife permanent periodic alimony and attorneys fees.  We affirm in part, reverse in part, and remand.[1]
FACTS
Husband and Wife married on September 20, 1990, in Charleston, South Carolina.  No children were born of their marriage.  Both Husband and Wife have a high school education.  Husband is employed as an Intelligence Specialist, with a rank of E-6 in the United States Navy.  Wife has a work history in retail and customer services.  At the time of the commencement of this action, Husband had a gross monthly income of $6707.39, while Wife was unemployed.  The highest wage Wife has earned was eight dollars ($8.00) per hour.  In 1991, Husband and Wife relocated from South Carolina to Mayport, Florida, due to Husbands military duties.  Between 1993 and 1996, they moved to London, England, and then returned to the United States to settle in Virginia.  In 1998, Husband and Wife moved to Jacksonville, Florida, where they purchased their first marital home.  At the time of this action, Husband owned three automobiles including a 1998 Chevy Malibu, a 1976 Lincoln, and a BMW. 
In 2000, Husband had a child from an extra-marital affair.  In January of 2001, Wife separated from Husband due to his adulterous misconduct.  On November 26, 2001, Wife instituted this action against Husband in family court, seeking: (1) a divorce on the basis of Husbands adultery and one-year separation; (2) alimony and/or spousal support; (3) a restraining order against Husband; (4) equitable distribution of marital property and debts; and (5) Husbands payment of her attorneys fees and costs.  Husband filed a counterclaim, also seeking divorce on the basis of Wifes adultery or one-year separation.  Wife denied Husbands allegations of adultery.
Wife moved for temporary relief on January 9, 2002; and on April 17, 2002, the family court issued a temporary decree, ordering Husband to pay Wife one-third of his basic allowance for housing, which amounted to $213.70.  The family court further ordered that Husband take all steps necessary to ensure that Wife receives all benefits to which she is entitled as the spouse of a member of the military, including medical coverage.  Husband did not obey the family courts order; therefore, on June 28, 2002, the family court issued an order and rule to show cause why Husband should not be held in contempt of court for his disobedience.  
On October 25, 2002, the family court ordered a continuance of the hearing on the rule to show cause because Wifes counsel was unable to serve Husband due to his military obligations out of the area.  The family court ordered that the hearing be reset for December 17, 2002.  Meanwhile, in 2003, while Husband and Wife remained married, Husband had a second child from an extra-marital affair.  
On June 23, 2004, Wife filed a motion to compel Husband to fully answer her request to admit, interrogatories, and request to produce.  Two months later, Wife filed a notice of motion for discovery sanctions against Husband for failing to respond to the interrogatories and for attorneys fees and costs.  On July 30, 2004, the family court ordered Husband to fully respond to Wifes discovery requests within thirty days of July 15, 2004.  Husband again failed to obey the family courts order, and on August 31, 2004, the family court issued Husband a second order and rule to show cause why Husband should not be held in contempt for his disobedience.
The family court issued an order to continue the hearing for October 12, 2004, due to a conflict in the Husbands counsels schedule.  The family court again issued an order for continuance for November 15, 2004.  Because Husbands counsel sought to be relieved as counsel, and Husband was out of the country, the family court, for a fourth time, issued an order for continuance until the next term of court.  The family court next issued an order relieving Husbands counsel based on Husbands failure to cooperate with his attorney.  
The final hearing was held on March 23, 2005.  On May 3, 2005, the family court entered its final order and denied both Husband and Wife the divorce in order that Wife may retain her military medical benefits.  The family court awarded Wife: (1) $900 per month in permanent periodic alimony; (2) the 1998 Chevrolet Malibu automobile or its NADA value; (3) one half of the equity in the marital home, determined as $11,250; and (4) attorneys fees in the amount of $4420.17.  This appeal followed.  
STANDARD OF REVIEW
In appeals from the family court, the appellate court has the authority to find the facts in accordance with its view of the preponderance of the evidence.  Ex parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  However, because the family court is in a superior position to judge the witnesses demeanor and veracity, its findings should be given broad discretion.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003).
In the area of the award of alimony, the appellate courts inquiry on appeal is not whether the family court gave the same weight to particular factors as the appellate court would have in making the alimony award, but, rather, whether the family court abused its discretion in assigning weight to applicable statutory factors.  Allen v. Allen, 347 S.C. 177, 186, 554 S.E.2d 421, 425 (Ct. App. 2001).
LAW/ANALYSIS
I.  Divorce
Husband contends the family court erred in failing to grant him a divorce because both he and Wife requested a divorce in their pleadings and the evidence established grounds for granting Husband a divorce.  We remand this issue to the family court for a consideration of the appropriate factors in determining whether a divorce should have been granted to Husband.  Section 20-3-10 of the South Carolina Code (1976) provides that divorce shall be granted upon one or more of the following grounds: (1) adultery; (2) desertion for a period of one year; (3) physical cruelty; (4) habitual drunkenness; or (5) on the application of either party if and when Husband and Wife have lived separate and apart without cohabitation for a period of one year.  
In his pleadings, Husband requested a divorce from Wife on the ground of one years continuous separation and adultery.  Although Wife withdrew her request for a divorce at trial, Husband made it clear that he desired a divorce.  Moreover, the evidence is clear that the parties had lived separate and apart without habitation for more than a year.  We therefore remand to the family court to consider whether Husband should have been granted a divorce on the ground of one years separation.  
II.  Alimony
Husband contends the family court erred in awarding Wife permanent periodic alimony because Wife, as a healthy able-bodied woman in the prime of her life with a work history and no legal dependents, is fully capable of supporting herself.  We disagree.  Based on the length of the marriage, Wifes sporadic work history, Wifes several relocations with Husband to further his career, and Husbands adulterous relationships, the family courts award of separate support and maintenance[2] in the amount of nine hundred dollars ($900.00) per month is fully supported by the record before this court.
III.  Attorneys Fees
Husband contends the family court erred in awarding Wife attorneys fees because Wife is able to pay her own fees, and the award of fees to Wife under the circumstances of this case is not warranted.  We disagree.
Attorneys fees may be assessed against a party in an action brought in the family court.  Section 20-7-420(38) of the South Carolina Code (Supp. 2005); Patel v. Patel, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004).  The decision to award attorneys fees in a divorce case is a matter within the sound discretion of the trial court.  Hailey v. Hailey, 357 S.C. 18, 31, 590 S.E.2d 495, 502 (Ct. App. 2003).  The trial courts decision to award attorneys fees will not be reversed on appeal absent an abuse of discretion.  Green v. Green, 320 S.C. 347, 353, 465 S.E.2d 130, 134 (Ct. App. 1995).  
In deciding whether to award attorneys fees in a divorce action, the family court should consider: (1) the parties ability to pay their own fee; (2) the beneficial results obtained by counsel; (3) the respective financial conditions of the parties; and (4) the effect of the fee on each partys standard of living.  Browning v. Browning, 366 S.C. 255, 269, 621 S.E.2d 389, 396 (Ct. App. 2005).  To determine the amount of an award of attorneys fees, the family court should consider: (1) the nature, extent, and difficulty of the services rendered; (2) the time necessarily devoted to the case; (3) counsels professional standing; (4) the contingency of compensation; (5) the beneficial results obtained; and (6) and the customary legal fees for similar services.  Deidum v. Deidum, 362 S.C. 47, 65, 606 S.E.2d 489, 499 (Ct. App. 2004).  
Contrary to Husbands contention, the family court considered the factors set forth in Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991), to include: (1) the beneficial results obtained by Wife; (2) the parties financial conditions; (3) the time Wifes attorney necessarily devoted to the case; (4) the difficulties in bringing this case to closure; (5) customary legal fees for similar services; and (6) the professional standing of Wifes attorney.  Under these circumstances, we find the family court did not abuse its discretion in awarding Wife attorneys fees.
CONCLUSION
We affirm the awards of spousal support and attorneys fees to Wife.  We remand the issue of whether the family court should have awarded Husband a divorce based on the parties having lived separate and apart for a period of one year. 
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HUFF and WILLIAMS, JJ. and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] We construe the family courts award of support to Wife as an award of spousal support pursuant to S.C. Code Ann. § 20-3-140 (1976).  While Husband complains that Wife did not request separate support and maintenance in her pleadings, she did request spousal support in her complaint.