**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Patricia E. King and Robbie King Jones, as representatives of W.R. King and Ellen King, Plaintiffs,

Of Whom Patricia E. King, as representative of W.R. King and Ellen King is, Respondent,

v.

Margie B. King and Robbie Patricia Ione King, individually and as co-representatives of the Estate of Christopher G. King (deceased) and Nelson M. King, Chester Telephone Company, Defendants,

Of Whom Margie B. King and Robbie Ione King, individually, and as co-representatives of the Estate of Christopher G. King (deceased) and Nelson M. King, are Appellants.

Appellate Case No. 2011-189186

———————

Appeal From Chester County
James C. Harrison, Jr., Special Referee

———————

Unpublished Opinion No. 2012-UP-365
Heard May 7, 2012 – Filed June 20, 2012

———————

**AFFIRMED**

———————

Timothy F. Rogers and Richard L. Whitt, both of Austin & Rogers, PA, of Columbia, for Appellants.

Kenneth B. Wingate and John E. Tyler, both of Sweeny, Wingate & Barrow, PA, of Columbia, for Respondent.

---

**PER CURIAM:** Appellants appeal from an order of the special referee denying their counterclaim against Respondent for an accounting of the profits of King's Funeral Home. On appeal, Appellants argue (1) the circuit court's order of reference required the special referee to direct an accounting of King's Funeral Home; (2) the special referee should have estopped Patricia King from asserting an accounting was not proper; and (3) the record does not support the factual findings of the special referee. We affirm.

1. As to Appellants' argument that the circuit court's order of reference required the special referee to direct an accounting of King's Funeral Home, we find the issue of whether Appellants were entitled to an accounting was a new and separate matter than the issue addressed in the order of reference of whether Patricia King was entitled to an accounting. Furthermore, we find the order of reference is not reasonably susceptible to Appellants' interpretation as requiring the special referee to direct an accounting of King's Funeral Home. *See Hailey v. Hailey*, 357 S.C. 18, 25, 590 S.E.2d 495, 498 (Ct. App. 2003) ("As a general rule, judgments are to be construed like other written instruments." (internal quotation marks omitted)); *Petition of White*, 299 S.C. 406, 412, 385 S.E.2d 211, 215 (Ct. App. 1989) ("The determinative factor is the intent of the parties or the court, as gathered, not from an isolated part of the contract or judgment but from all its parts."); *id.* (providing if the language employed within a contract or judgment is plain and unambiguous, there is no room for construction or interpretation and the effect thereof must be declared in light of the literal meaning of the language used).

2. As to Appellants' argument that the special referee should have estopped Patricia King from asserting an accounting was not proper, we find the doctrine of judicial estoppel inapplicable because Patricia King did not take inconsistent positions in the same or related proceedings. *See City of N. Myrtle Beach v. E. Cherry Grove Realty Co.*, Op. No. 27113 (S.C. Sup. Ct. filed April 11, 2012) (Shearouse Adv. Sh. No. 13 at 44, 52) ("Judicial estoppel is an equitable concept that prevents a litigant from asserting [a] position inconsistent with, or in conflict with, one the litigant has previously asserted in the same or related proceeding."

(internal quotation marks omitted)); *id.* (providing the purpose of judicial estoppel is to ensure the integrity of the judicial process, not to protect the parties from allegedly dishonest conduct by their adversary); *Wright v. Hiester Constr. Co.*, 389 S.C. 504, 519, 698 S.E.2d 822, 830 (Ct. App. 2010) ("Judicial estoppel comes into play when the court is forced to take a position based on a factual assertion." (internal quotation marks omitted)); *Auto-Owners Ins. Co. v. Rhodes*, 385 S.C. 83, 99 n.6, 682 S.E.2d 857, 866 n.6 (Ct. App. 2009) ("The elements of judicial estoppel include: (1) two inconsistent positions taken by the same party or parties in privity with one another; (2) the positions must be taken in the same or related proceedings involving the same party or parties in privity with each other; (3) the party taking the position must have been successful in maintaining that position and have received some benefit; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent." (citing *Cothran v. Brown*, 357 S.C. 210, 215-16, 592 S.E.2d 629, 632 (2004))).

3.  As to Appellants' argument that the record does not support the factual findings of the special referee, we find Appellants are not entitled to an accounting because the preponderance of evidence supports the special referee's findings that the funeral home business operated by Patricia King is a new and separate business entity from the funeral home business operated by Chris King, and no fiduciary relationship exists between Appellants and Patricia King.  *See Consignment Sales, LLC v. Tucker Oil Co.*, 391 S.C. 266, 272, 705 S.E.2d 73, 76-77 (Ct. App. 2010) (noting an action for an accounting is an equitable action; therefore, an appellate court may review the record and make findings in accordance with its own view of the preponderance of the evidence (citing *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 427, 673 S.E.2d 448, 453 (2009))); *Rogers v. Salisbury Brick Corp.*, 299 S.C. 141, 144, 382 S.E.2d 915, 917 (1989) ("[A]n accounting is designed to prevent unjust enrichment by disclosing and requiring the relinquishment of profits received as the result of a breach of a confidential or fiduciary duty." (citation omitted)); *see also Black's Law Dictionary* (9th ed. 2009) (defining "sole proprietorship" as "[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity").

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**