**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Leslie Nicole Hilton, Respondent,

v.

Brandon Roland Farmer, Appellant.

Appellate Case No. 2015-000318

---

Appeal From York County
Wayne M. Creech, Family Court Judge

---

Unpublished Opinion No. 2016-UP-282
Submitted March 1, 2016 – Filed June 8, 2016

---

### AFFIRMED

---

Stephen D. Schusterman, of Schusterman Law Firm, of Rock Hill, for Appellant.

Daniel Dominic D'Agostino, of D'Agostino Law Firm, of York, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Miller v. Miller*, 299 S.C. 307, 310, 384 S.E.2d 715, 716 (1989) ("A family court has authority to modify the amount of a child support award upon a showing of a substantial or material change of circumstances."); *id.* ("The burden is

upon the party seeking the change to prove the changes in circumstances warranting a modification."); *id.* at 310, 384 S.E.2d at 717 ("A substantial or material change in circumstances might result from changes in the needs of the children or the financial abilities of the supporting parent to pay among other reasons."); *id.* ("Generally, however, changes in circumstances within the contemplation of the parties at the time the initial decree was entered do not provide a basis for modifying a child support award."); *Hailey v. Hailey*, 357 S.C. 18, 25, 590 S.E.2d 495, 498 (Ct. App. 2003) ("However, in applying this general rule, the family court should look not only at whether the parties contemplated the change, but also 'most importantly whether the amount of [support] in the original decree reflects the expectation of that future occurrence.'" (quoting *Sharps v. Sharps*, 342 S.C. 71, 78, 535 S.E.2d 913, 917 (2000))); *Sharps*, 342 S.C. at 77, 535 S.E.2d at 916 ("[T]here are some future changes which may be in contemplation of the parties at the time of the decree but, due to other considerations, cannot be addressed at that time in the divorce decree."); *id.* at 78, 535 S.E.2d at 917 (finding the termination of child support based on the emancipation of the children was a substantial change that warranted modifying the wife's alimony); *id.* ("Although the emancipation of the children was an expected event, the original divorce decree would not have been able to make a future adjustment in alimony in favor of [the w]ife because doing so would have required substantial speculation as to future conditions.").

**AFFIRMED.**[1]

**HUFF, A.C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.